HINES, RESPONDENT, *v.* CARL, ET AL., APPELLANTS.

[No. 1,229.]

[Submitted April 28, 1899.  Decided May 1, 1899,]

*Appeal—Bond—Failure to File.*

In the absence of a waiver or of a deposit of money, failure to file appeal bond within five days after service of notice of appeal—as required by Code of Civil Procedure, Section 1724—renders the appeal wholly ineffectual.

OBITER.—The statutory provisions regulating the mode of perfecting appeals must be strictly followed.

*Appeal from District Court, Meagher County; F. K. Armstrong, Judge.*

ACTION by John Hines, Sr., against Dennis Carl and others. There was a judgment for plaintiff, and defendants appeal. Appeal dismissed.

*E. H. Goodman* and *J. E. Kanouse*, for Appellants.

*Robt. B. Smith*, for Respondent.

PER CURIAM.—Appeal by defendant Carl from an order of the District Court of Broadwater county, entered December 7, 1897, denying his motion for a new trial. Notice of appeal was served on January 17, 1898, but not until the 31st day of the same month was any undertaking on appeal filed. Plaintiff moves the Court to dismiss the appeal upon the ground that the undertaking was not filed within the time prescribed by statute.  The motion must be granted.  By Sec-

tion 1724 of the Code of Civil Procedure an appeal to the Supreme Court is declared ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed or waived, or a deposit of money be made, as provided in Section 1725 of the same Code. There was neither waiver nor deposit in this case, and the undertaking was not filed until after the lapse of five days from the time when the notice of appeal was served. The statutory provisions regulating the mode of perfecting appeals must be strictly followed. (*Creek* v. *Bozeman Waterworks Co.*, *ante*, p. 327, 56 Pac. 362.) In the absence of a waiver or of a deposit of money, to perfect an appeal the undertaking must be filed within the five days limited by the statute. Omission in this regard renders the attempted appeal wholly ineffectual (*Pardee* v. *Murray et al.*, 4 Mont. 35, 1 Pac. 737; *Creek* v. *Bozeman Waterworks Co.*, *supra*,) and this Court has therefore no jurisdiction.

The appeal is dismissed for want of jurisdiction.

*Dismissed.*