WASHOE COPPER CO., RESPONDENT, *v.* HICKEY, ET AL.,
APPELLANTS.

[No. 1,465.]

[Submitted October 13, 1899.  Decided November 6, 1899.]

*Appeal and Error—Undertaking on Appeal—Jurisdiction—Record.*

1.  A court granted, first, a restraining order, then an order continuing in force the restraining order and directing an injunction *pendente lite* to issue, and afterwards entered another order making the restraining order absolute and directing that the defendants be enjoined until further order; and defendants filed notice of appeal "from the order continuing the restraining order issued therein in force, and from the order granting an injunction against defendants pending the final determination of this action, and from the injunction order granted herein," and the undertaking on appeal, which was in the sum of $300, recited that, "whereas defendants have taken an appeal from the orders in said cause continuing a restraining order in force, granting a temporary injunction, and from said order of temporary injunction," and the defendants in their brief on appeal assigned the orders as separate errors. *Held*, that the appeal should be dismissed, as said undertaking was void on account of ambiguity, because it could not be referred to either of the orders from which the appeal was sought, although one of said orders was not appealable. (Following *Creek* v. *Bozeman Water Works Co.*, 22 Mont. 327; and *Murphy* v. *Northern Pac. Ry. Co.*, 22 Mont. 577.)
2.  The statute providing for appeals must be strictly complied with.
3.  The supreme court has no jurisdiction to entertain the appeal, where the appellant fails to file a proper undertaking on appeal.
4.  Where a record on appeal contains a certificate of the trial court's clerk, as required by Code of Civil Procedure, section 1739, providing that such clerk shall certify that "an undertaking in due form has been properly filed," an undertaking may be shown to be void for uncertainty by filing a certified copy of the same in the supreme court, where such copy does not tend to contradict the record as to any matter of fact.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Washoe Copper Company against Edward Hickey, Michael A. Hickey, John H. Steward, F. Augustus Heinze and Arthur P. Heinze.  There was judgment for plaintiff, and defendants appeal.  Appeal dismissed.

*Messrs. McHatton & Cotter, Clayberg & Corbett, Mr. Charles R. Leonard* and *Mr. Robt. B. Smith,* for Appellants.

*Mr. William Scallon, Mr. J. K. McDonald* and *Mr. T. J. Walsh,* for Respondent.

**PER CURIAM.**—This action was brought by plaintiff in the district court of Silver Bow county to recover the possession of certain underground workings within the vertical planes of the boundaries of the Oden lode mining claim, and the ore deposits therein, situate in Silver Bow county, and to secure an injunction perpetually restraining the defendants from trespassing thereon, and removing therefrom any of the ore deposits. Upon the filing of the complaint, an order was made by the district judge requiring the defendants to appear before the court on April 22, 1899, to show cause why an injunction *pendente lite* should not issue, and directing them, until the hearing, to refrain from extracting and removing any ore from the workings in controversy. On April 22d a hearing was had. At its conclusion the defendants moved the court to set aside and vacate the restraining order theretofore issued. Thereupon the court overruled this motion, and made an order continuing in force the restraining order, and directing an injunction *pendente lite* to issue when the plaintiff should execute a bond in the sum of $25,000. On May 27th, the required bond having been given, the court entered another order making the restraining order absolute, and directing that the defendants, their agents and employes, be enjoined, until further order, in accordance with the prayer of the complaint.

Thereupon the defendants served and filed their notice of appeal "from the order * * * continuing the restraining order issued therein in force, and from the order granting an injunction against the defendants pending the final determination of this action, and from the injunction order granted herein." The undertaking on appeal is in the sum of $300. It contains this recital: "Whereas, the above-named defendants have taken an appeal from the orders of the district court made in the above-entitled action continuing a restraining order in force granting a temporary injunction, and from said order of temporary injunction: Now, therefore, if the above-named defendants and appellants shall pay all damages and costs which may be awarded against them on said appeal, or on the dismissal thereof, not exceeding the sum of $300, then

this obligation shall be null and void; otherwise, to remain in full force and effect.''

The transcript on appeal was filed in this court on August 30, 1899. On October 2d, upon application of appellants under Subdivision 3 of Rule VII of this Court (44 Pac. vii), the cause was advanced, and set for hearing on the 13th of that month. On October 11th, the respondent, after obtaining an order from this Court shortening the time of notice required by Section 1822, Code of Civil Procedure, filed a motion to dismiss the appeal on the ground that it was taken from two separate orders, whereas but one undertaking on appeal in the sum of $300 had been filed. The motion was set for hearing on October 13th, when the motion and the case on the merits were submitted together. At the hearing, counsel for appellants argued that the appeal was really taken from the order granting the temporary injunction, and was not designed to include any other order. Therefore the undertaking in the sum of $300 is sufficient to secure the appeal. But this argument is not sustained by the facts. It is apparent from the foregoing statement of the facts that the intention was to have this Court review the action of the district court in the making of both orders. Also in the brief of appellants, filed in this Court on October 2d, the orders are assigned as separate errors, and treated as such; counsel assuming that, whatever this Court should feel authorized upon the record to do with reference to the order of May 27th, it should, in any event, reverse and annul the order of April 22d.

The simple question presented, therefore, is as to the sufficiency of the undertaking to secure the appeal. We hold that it is not sufficient, in that it does not state which appeal it was intended to secure. This case comes clearly within the rule of *Creek* v. *Bozeman Water Works Co.*, 22 Mont. 327, 56 Pac. 362, and *Murphy* v. *Northern Pac. Railway Co.*, 22 Mont. 577, 57 Pac. 278, viz., that the undertaking is void for ambiguity, because it cannot be referred to either of the orders from which an appeal is sought to be taken. And it makes

no difference that either of the orders is not appealable. Under the principle of *Creek* v. *Bozeman Water Works Co, supra,* the Court will not look into the record to determine whether this is so. The statute providing for appeals must be strictly complied with. A failure on the part of the appellant in this regard leaves this court without jurisdiction to entertain the appeal.

The certificate of the clerk of the district court, attached to the transcript, is in conformity with the provisions of the Code of Civil Procedure, Section 1739. In aid of the motion to dismiss, counsel for respondent presented with the motion a certified copy of the undertaking on appeal. Counsel for appellants insist that this court cannot look beyond the certificate of the clerk to determine whether the undertaking is sufficient, citing *Bonds* v. *Hickman,* 29 Cal. 461, and *In the matter of the Fifteenth Avenue Extension,* 54 Cal. 179. These cases, however, are not in point. They only decide the point that the record in the appellate court cannot be contradicted by affidavits filed in that court as to a matter of fact occurring in the proceedings in the trial court, so as to amend the statements contained in the record, but that such amendment, if made, must be upon application to the trial court. The certified copy of the undertaking presented with the motion does not tend in any way to contradict the record as it stands in this court as to any matter of fact. In order to avoid incumbering the record, the statute (section 1739, *supra*) provides that the clerk must certify that "an undertaking in due form has been properly filed." The copy presented under the certificate of the clerk enables this Court to judge of the correctness of the clerk's conclusion as to the form of undertaking. If this could not be looked to upon a motion to dismiss, then the certificate of the clerk conforming to the statutory direction would be conclusive upon this Court, and no appeal could be dismissed either for the want of an undertaking or because the one filed is insufficient.

The appeal must be dismissed.          *Dismissed.*