STATE EX REL. COHN ET AL., RELATORS, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 2,630.)

(Submitted December 12, 1908.   Decided January 11, 1909.)

[99 Pac. 139.]

*Supervisory   Control—Attorneys—Notice—Service   by   Mail—*
*When Insufficient—New Trial—Practice—Appeal—Certiorari.*

Entry of Judgment—Notice.
    1.   *Held*, that the entry of judgment is one of the "subsequent proceedings" mentioned in section 7149, Revised Codes, of which a defeated party or his attorney is entitled to notice.

Same—Notice—Service by Mail—When Insufficient.
    2.   Service of a notice upon an attorney can be made through the mail, only in the event that his place of residence is not known; therefore, where the location of both the office and residence of an attorney was known to opposing counsel, their notice to him, through the mail, of the entry of a judgment, was insufficient.

Same—Defective Service—Not Cured by Actual Receipt of Notice.
    3.   Since the notice mentioned in the foregoing paragraph was not a legal notice, i. e., one served according to law, the actual receipt of the letter notifying the attorney upon whom service was thus sought to be made, of the entry of judgment, was not effective, and his notice of intention to move for a new trial, served and filed after the lapse of ten days from receipt of the letter, was timely.

New Trial—Notice—Service and Filing—Presumptions.
    4.   Unless the contrary appears affirmatively from the record on appeal, it will be presumed that a notice of intention to move for a new trial was served and filed in time; the burden of showing the contrary rests upon the party claiming that it was not.

Statutes—Liberal Construction—Limitation.
    5.   While the provisions of the Codes should be liberally construed, such liberality should not be so far extended as to annul altogether specific provisions thereof.

New Trial—Motion "Upon Minutes of Court"—Practice.
 6. Under section 6795, Revised Codes, the district court may, upon a motion for a new trial made "upon the minutes of the court," take into consideration all the pleadings, records, minute entries and the evidence offered at the trial, and from the entire case thus presented determine the motion; and if the judge can remember the evidence and proceedings sufficiently to enable him to pass upon the motion, it is not necessary that the stenographer's notes of the trial proceedings be transcribed.

Same—Remission—Power of Court.
 7. The district court has power to grant a new trial unless the successful party remit a portion of the judgment.

Same—Remission—Presumptions.
 8. In the absence of the evidence from the record, it will be presumed that the action of the court in ordering a new trial unless remission of all but $225 of a $3,600 judgment be agreed to by the successful party was fully justified.

Appeal—Service of Notice—Deficiency in Law—Supervisory Control.
 9. Appeals being only allowed under such regulations as may be prescribed by law (Constitution, Article VIII, section 15), and the law not having made provision for the appointment, temporarily, of some one upon whom service of notice of an appeal from an order granting a new trial could be made in place of an adverse party who had died after the order was made, the supreme court, on application for writ of supervisory control, looking to the annulment of the order, cannot grant relief. The deficiency in the law in this respect can be supplied only by legislative, not judicial, action.

*Certiorari*—New Trial Order—Jurisdiction.
 10. *Certiorari* does not lie to review an order granting a new trial, where the district court had jurisdiction to hear the motion.

ORIGINAL APPLICATION by the state, on the relation of Louis Cohn, next friend of Lessing Cohn and another, minors, against the district court of the second judicial district and George M. Bourquin, a judge thereof, for a writ of supervisory control. Dismissed.

*Messrs. Breen & Hogevoll,* and *Messrs. Maury & Templeman,* for Relators.

*Mr. William I. Lippincott,* for Respondents.

The time to give notice of intention does not commence to run from the decision, but from notice of the decision. (Hayne on New Trial (1889), sec. 19, subd. 2.) The notice of judgment is to be construed most strongly against the party giving it. (*Carpentier* v. *Thurston,* 30 Cal. 124.) Service of a notice by mail is good only when the person making the service, and the

person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail. (*People* v. *Alameda T. Co.*, 30 Cal. 184; *Moore* v. *Besse*, 35 Cal. 186.) A party relying upon a service of a notice by mail, or otherwise than by actual service on the proper person, must show a strict compliance with the requirements of the statute. (*People* v. *Alameda T. Co.*, *supra; Bross* v. *Nicholson*, 1 How. Pr. 158; *Schenck* v. *McKie*, 4 How. Pr. 247; *Anon.*, 1 Hill, 217; *Anon.*, 25 Wend. 677; *Birdsall* v. *Taylor*, 1 How. Pr. 89; *Paddock* v. *Beebee*, 2 Johns. Cas. 117.) In *Cunningham* v. *Warnekey*, 61 Cal. 507, the court held that an affidavit of service of notice of appeal must disclose the fact of residence in different places.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On and prior to March 18, 1908, there was pending in the district court of Silver Bow county, and in the department thereof presided over by Hon. George M. Bourquin, Judge, a certain cause entitled "Sidney Cohn and Lessing Cohn, Minors, by Louis Cohn, their Guardian *Ad Litem,* v. Henry Albertson and George Kendall, No. A741," in which cause Maury & Templeman were the attorneys for the plaintiffs, and W. I. Lippincott was the attorney for the defendants. Such proceedings were had and done in the cause that on March 18, after trial and a verdict, judgment was duly given, made and entered in favor of the plaintiffs and against the defendants for the sum of $3,600 and costs. On March 19 the attorneys for the plaintiffs sent through the mail to Mr. Lippincott a letter notifying him that on March 18 the judgment above mentioned had been rendered and entered. On April 18 the defendants, through Mr. Lippincott, served and filed their notice of intention to move for a new trial, specifying, as the grounds of the motion, insufficiency of the evidence to justify the verdict, and excessive damages, appearing to have been given under the influence of passion and prejudice, and gave notice that their motion would be made upon a state-

ment of the case and bill of exceptions, and also upon the minutes of the court. The attorneys for the plaintiffs made timely objection that the notice of intention came too late. On April 22 another notice of intention to move for a new trial was served and filed by counsel for the defendants, which notice contained these grounds, in addition to the grounds of the motion mentioned in the first notice, to-wit: That the verdict is against law, and errors in law occurring at the trial and excepted to by the defendants. This notice specified that the motion would be made upon the minutes of the court, and that the second notice was intended to supersede and take the place of the notice given on April 18. Timely objection was also made to this notice. It appears that there was not any bill of exceptions presented in support of this motion for a new trial. On June 13 the district court heard arguments upon the motion for a new trial, over objection of counsel for the plaintiffs, and on June 27 an order was made granting the motion for new trial unless the plaintiffs would remit all of the judgment in excess of $225. Counsel for the plaintiffs immediately gave notice to the court that they would refuse to remit any portion of the judgment, and thereupon the court made an absolute order granting the defendants a new trial. On August 2 the defendant George Kendall died, and there was not any executor or administrator of his estate. On November 28 the plaintiffs made application to this court for a writ of supervisory control, thereby seeking to have annulled the order of the district court granting the defendants a new trial.

It is earnestly contended by counsel for the relators in this court that the notice of intention to move for a new trial was served and filed too late. Opposing counsel replies by saying that he was never given notice of the entry of judgment, though admitting that he did receive the letter of March 19, stating that a judgment had been entered. This first contention, then, is to be resolved by determining what effect, if any, shall be given to the letter of March 19.

Section 6796, Revised Codes, provides, among other things: "The party intending to move for a new trial must, within ten days after receiving notice of the entry of the judgment, serve upon the adverse party and file with the clerk a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits or the minutes of the court or a bill of exceptions.   *   *   *   " Chapter V, Part II, Title XIV (sections 7145-7152), of the same Code, is entitled "Notices and Filing and Service of Papers." Section 7149 provides: "   *   *   *   After appearance, a defendant or his attorney, is entitled to notice of all subsequent proceedings of which notice is required to be given.   *   *   *   " Since by section 6796, above, the defeated party is not required to act until he receives notice of the entry of judgment, but has ten days after the receipt of such notice within which to serve and file his notice of intention to move for a new trial, we must conclude that the entry of judgment is one of the "subsequent proceedings" mentioned in section 7149 above, of which the defendants in *Cohn et al.* v. *Albertson and Kendall* were required to be given notice.   Section 7145 provides that notices shall be in writing, and, so far as a case of this character is concerned, section 7146 provides the manner of making service of any notice required to be served.

In the return to the order to show cause herein, it is alleged—and not controverted by counsel for relators—that Maury & Templeman and W. I. Lippincott all reside in Butte, and that, at all the times mentioned, Maury & Templeman knew where Lippincott's office and residence were located.   In view of these facts, was the service by mail of the notice of entry of judgment sufficient?   Section 7146, above, provides that service of notice upon an attorney is to be made (a) by personal service, or (b) by leaving the notice in his office with his clerk or other person having charge, or (c) by leaving the notice in a conspicuous place in his office, if there is not anyone in the office, or (d) if the office is not open, by leaving the notice at the attorney's residence with some person of suitable age and discretion, and,

finally, if the attorney's residence is not known, then (e) by sending such notice through the mail. The second subdivision of section 7146 is not applicable to the facts of this case, and need not be considered. There was not any attempt to make service upon Albertson or Kendall, but the service, if any, was sought to be made upon their attorney, W. I. Lippincott. It is to be observed, from the portion of the section which we are considering, that service of a notice upon an attorney can be made through the mail only in the event that the place of residence of the attorney is not known. Subdivision ''e'' above, then, has no application here, since it appears that the place of Mr. Lippincott's residence was known to Maury & Templeman.

But it is suggested that, since Lippincott actually received the letter of March 19, actually received notice, the purpose of section 6796 has been fulfilled; but a sufficient answer to this is that the notice contemplated in section 6796 is a legal notice, which must mean the kind of notice described in section 7145, served in the manner described in section 7146. Unless the contrary appears affirmatively from the record, it will be presumed that the notice of intention was served and filed in time. (*Roussin* v. *Stewart*, 33 Cal. 208; *Burnett* v. *Stearns*, 33 Cal. 468.) In other words, the relators here, who are insisting that the notice of intention was not in time, have the burden of showing that fact, and, since the time for filing and service of the notice commenced to run only from the receipt of notice of the entry of judgment, this imposes upon them the burden of showing that they gave the required notice of the entry of judgment, which, in our opinion, they failed to do.

We appreciate the fact that the provisions of the Codes are to be liberally construed, with a view to effect their objects and promote justice; but we do not believe that we should extend such liberality so far as to annul altogether specific provisions of the Codes. In this instance, to say that service of notice may be made by mail in a case where the facts are as herein stated, would be tantamount to saying that section 7146, above, is a dead letter, and that its provisions need not be observed at all.

There was not any attempt made to comply with the terms of this section, and not any excuse offered for the failure.    There is not any question of waiver involved here, and, upon the record made, we hold that the letter of March 19 was not effective as a notice of the entry of judgment.    Therefore, the notice of intention to move for a new trial, dated April 24, was served and filed in time, and the district court had jurisdiction to hear and determine a motion for a new trial.

But it is said that, since the court did not have a bill of exceptions or any affidavits before it, it did not have anything upon which to act.    The notice of intention stated that the motion would be made upon the minutes of the court.    There seems to be considerable doubt in the minds of attorneys, as to what the legislature meant in the amendment of 1907 by the use of the terms "upon the minutes of the court."    (Revised Codes, sec. 6795.)    We had a similar provision in the Revised Statutes of 1879 (section 286; First Division), and in the Compiled Statutes of 1887 (section 297; First Division), but, so far as we know, there has not been any decision by this court which undertook to give a definition of the terms or to indicate the scope of their meaning.    Other states have somewhat similar statutes, and a review of these, and the decisions of courts construing them, has led us to conclude that the purpose which our legislature had in view, doubtless, was to facilitate the proceeding for a new trial and save the moving party useless expense in the event his motion should be granted and no appeal taken.    If we are correct in this conclusion, then it follows, in the absence of any restriction in the statute, that the review by the trial court may be as comprehensive as if all the proceedings had been reduced to writing and embodied in the judgment-roll, including a bill of exceptions.    In other words, upon a motion for a new trial made upon the minutes of the court, the trial court may take into consideration all the pleadings, records, minute entries, and the evidence offered at the trial, and, from the entire case thus presented, determine the motion; and in such event it is not even necessary that the stenographer's notes of the trial proceedings

be transcribed, if the presiding judge can remember the evidence and the proceedings sufficiently to enable him to pass upon the motion. If either party desires to appeal from the order, a bill of exceptions can be prepared and settled after the order is made. It is manifest that the legislature assumed that a proceeding for a new trial upon the minutes of the court would be taken immediately after the conclusion of the trial, and heard while the entire matter was fresh in the recollection of the presiding judge, who would then be as well qualified to determine the motion as he would be after the delay incident to the preparation and settlement of a bill of exceptions, even though in the latter case he would have the proceeding reduced to writing. Reference may be had to 14 Encyclopedia of Pleading and Practice, 914; 1 Spelling's New Trial and Appellate Practice, sec. 392, and 29 Cyc. 964, for discussions of the subject now under consideration. If we are correct in our interpretation of this statute, then the district court doubtless had everything before it necessary to a proper determination of the motion for a new trial.

That the trial court had authority to order a new trial unless the plaintiffs remitted a portion of the judgment has been recognized in this jurisdiction for many years. (*Cunningham* v. *Quirk,* 10 Mont. 462, 26 Pac. 184; *Kennon* v. *Gilmer,* 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110.) Whether the court was justified in ordering the plaintiffs to remit so large a portion of the judgment can only be determined by an examination of the evidence, which we do not have before us, and in its absence we must presume that the action of the trial court was fully justified.

Finally, it is suggested that the death of Kendall left the plaintiffs remediless, unless this court grants relief, since there is not anyone representing Kendall upon whom a notice of appeal from the order granting a new trial can be served. It may be that our laws are deficient in failing to provide for such an emergency; but the right of appeal in any case is not an absolute one. Appeals are only allowed under such regulations

as may be prescribed by law (Constitution, Art. VIII, sec. 15), and the failure of the legislature to prescribe the necessary regulations for an emergency case of this character is not sufficient to justify the intervention of this court. It is not the province of this court to supply deficiencies in the law. It would seem, however, that some provision should be made in the law for an emergency of this character. Since it is necessary that a notice of appeal be served upon all adverse parties, it would seem that, pending the appointment of an administrator or the qualification of an executor, there should be provision for the appointment, temporarily, of some one upon whom service could be made; but a suggestion of this character can only be made properly to the legislature.

We have considered this application only so far as it seeks the aid of this court by a writ of supervisory control. Having determined that the district court had jurisdiction to hear the motion for a new trial, the order cannot be reviewed on *certiorari.* Suggestion is also made that a writ of error might be used in this instance; but even if we assume, without deciding, that, in the absence of any statutory provisions, a writ of error may issue, still it would not serve the relators herein any further than the proceedings for appeal do now, since service of the citation in error could not be made.

We do not think this record presents a case which justifies our interference. The proceeding is therefore dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.