REARDON, Respondent, v. GILLIGAN et al., Appellants

No. 8834.

Submitted January 18, 1949. Decided February 2, 1949.

202 Pac. (2d) 242.

P. E. Geagan and John B. McClernan, both of Butte, for appellants. Mr. Geagan argued the cause orally.

J. F. Emigh and W. D. Murray, both of Butte, for respondent. Mr. Emigh argued the cause orally.

MR. CHIEF JUSTICE ADAIR:

On Motion to Dismiss Appeal.

This action, originally entitled C. F. Reardon, plaintiff vs. James Byrnes and Anna Gilligan, defendants, was commenced July 23, 1947 in the district court of Silver Bow county. The defendants appeared by counsel and filed separate answers. Thereafter the defendant Byrnes died and on suggestion thereof a minute entry order was made November 18, 1947 substituting William D. Egan, the administrator of the estate of said decedent, as a party defendant herein. After trial had the district court on December 19, 1947 rendered decree for plaintiff and against defendants from which decree only the defendant Anna Gilligan gave notice of appeal. The notice is dated April 1, 1948 and shows service on that date upon plaintiff but no service is shown upon the defendant William D. Egan, administrator of the estate of James Byrnes, deceased, or upon his attorney of record. Transcript on appeal was duly filed in this court and thereafter the respondent C. F. Reardon interposed a motion to

dismiss the appeal on the ground that since no notice of appeal was served upon the defendant administrator, William D. Egan, or his attorney that this court does not have jurisdiction to hear or determine the appeal.

The complaint of the plaintiff Reardon alleges that he and defendant James Byrnes, pursuant to an oral agreement, purchased from the state of Montana, as tenants in common, the property described in the complaint and that the defendant and appellant Anna Gilligan loaned the plaintiff Reardon and the defendant Byrnes the sum of $8,100 to pay for the property.

It was further alleged that as security for the repayment of said loan by appellant Gilligan, the respondent Reardon and defendant Byrnes directed the state of Montana to issue the deed of said property to the appellant Gilligan and that the deed was so executed and delivered. It was further alleged that appellant Gilligan thereafter repudiated respondent's claim to title and herself claimed the property in fee. Respondent prayed that a decree be made decreeing the respondent Reardon and defendant Byrnes the owners of said property and that the deed issued to appellant Gilligan be declared a mortgage. Gilligan and Byrnes filed separate answers in the form of general denials.

At the time of the trial in the lower court, James Byrnes under cross-examination testified as follows:

"Q. Now you say you didn't have any dealings with Mrs. Gilligan with reference to that property? A. Not yet.

"Q. Haven't you got a machine shop down there? A. Yes.

"Q. What kind of arrangement do you have with reference to that? A. Well, after this thing is straightened out, I intend to go in there as owner or interest of some kind.

"Q. What kind of interest are you going to get out of it? A. Partnership, I guess.

"Q. You are going to get a partnership? A. I think so.

"Q. If the Court decides that Mrs. Gilligan gets the title to this property, you are going to become a partner you guess? A. I think so.

"Q. What makes you think so? A. Well, that was the understanding I guess.

"Q. You think that was the understanding? When did you make that understanding? A. A while back. * * *

"Q. Well, we could just say that you expect an interest in the property? A. That is correct.

"Q. If Mrs. Gilligan prevails in this action? A. Absolutely.

"Q. But you now don't claim any interest? A. I ain't got no interest, never.

"Q. And never did? A. No.

"Q. And you only come up to bid for Mrs. Gilligan? A. Yes.

"Q. And Mrs. Gilligan alone? A. Yes."

Notwithstanding this disclaimer of any interest in the property by defendant Byrnes, the court made the following findings:

"4. That on the 20th day of June, 1947, the said C. F. Reardon and James Byrnes directed the said W. J. Burton, as acting commissioner of state lands, to have the deed to said real property executed to the said Anna Gilligan as grantee, and in so doing it was their intention that such deed when executed should serve as security for the payment of said sum of eighty-one hundred dollars.

"5. That accordingly on or about the 25th day of June, 1947, the State of Montana, trustee for the use and benefit of the state department of public welfare of the State of Montana, executed to the defendant, Anna Gilligan, a deed conveying to her the real property described in paragraph VI of the complaint herein."

"8. That shortly before the said 19th day of June, 1947, the said C. F. Reardon and James Byrnes discussed the advisability of forming a partnership for the purpose of operating said real property in the event they were successful in bidding for it, but such partnership never came into existence."

The court made the following conclusions:

"1. That the deed mentioned in paragraph 5 of the findings herein was and is a mortgage.

"2. That the plaintiff, C. F. Reardon, and the defendant, William D. Egan, as administrator of the estate of James Byrnes, deceased, should within 90 days from the signing of the decree herein pay to the defendant, Anna Gilligan, the sum of eighty-one hundred dollars with interest thereon at the rate of six per cent per annum from the 20th day of June, 1947, to the date of payment."

"4. That the plaintiff C. F. Reardon, should advance the sum of four thousand, one hundred dollars with interest to meet his share of the amount to be so paid; that the defendant William D. Egan, as such administrator, should advance the sum of four thousand dollars with interest to meet his share of the amount to be so paid; that if either the said plaintiff or the said defendant should advance more than his part of the payment as so specified, then he shall be entitled to a lien on said premises to secure the payment of the amount so overpaid.

"5. That if within the time so designated the whole of said principal sum with interest shall not have been paid, then upon motion of the defendant, Anna Gilligan, the action should be dismissed."

It was after the trial of the cause and while the court had the matter under advisement that the defendant Byrnes died.

Who is an adverse party within the meaning of section 9733, Rev. Codes 1935? This section is as follows: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose unless, within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

An "adverse party" upon whom a notice of appeal is re-

quired to be served is one whose rights may be injuriously affected by a reversal or modification of the judgment from which the appeal is taken. T. C. Power & Bro. v. Murphy, 26 Mont. 387, 68 Pac. 411; Anderson v. Red Metal Min. Co., 36 Mont. 312, 93 Pac. 44; Spokane Ranch & Water Co. v. Beatty, 37 Mont. 342, 96 Pac. 727, 97 Pac. 838; In re Murphy's Estate, 57 Mont. 273, 188 Pac. 146; Mitchell v. Banking Corp., 81 Mont. 459, 264 Pac. 127; In re Baxter's Estate, 94 Mont. 257, 22 Pac. (2d) 182; In re Toomey's Estate, 96 Mont. 489, 31 Pac. (2d) 729.

James Byrnes was named as a party defendant when this action was commenced. He thereafter separately answered filing a general denial of the allegations of the complaint. He was present at the trial and gave testimony wherein he disclaimed any interest in the property in himself except an expectant one in case the other defendant, Anna Gilligan, prevailed in her claim that she owned the property in fee and not as mortgagee. However and notwithstanding Byrnes' disclaimer, the trial court, after considering all the testimony before it, held that the defendant Anna Gilligan was the holder of the bare legal title and that the defendant Byrnes and the plaintiff Reardon were engaged in a joint venture and that they were equal partners therein. Any appeal wherein the trial court's judgment would be modified or reversed, of course, would adversely affect Byrnes' estate since the only conceivable reversal of the judgment would be one declaring Gilligan the owner of the property in fee which would leave the Byrnes' estate without any interest whatever. Should the trial court's judgment be modified so as to include Gilligan with Byrnes and Reardon as equal owners or participants in the joint venture, then the interest of the Byrnes' estate would be adversely affected for thereby the estate's interest would be reduced from one-half interest to one-third interest.

Upon the authorities cited this court is without jurisdiction to determine the appeal.

Respondent's motion is granted and the appeal is dismissed.

Associate Justices Freebourn, Metcalf and Bottomly concur.

MR. JUSTICE ANGSTMAN, dissenting:

Defendant Byrnes disclaimed any present interest in the subject of the controversy and under such circumstances he need not be served with notice of appeal. 4 C. J. S., Appeal and Error, sec. 398, page 864, note 9, and cases cited.

It is true the judgment cuts him in as a tenant in common or joint tenant with plaintiff and gives them the option of acquiring the property by paying to defendant Gilligan the amount of money advanced by her together with interest.

But it is apparent from the testimony of Byrnes and also from his answer when read in conjunction with the complaint, that he would have been better satisfied to have that judgment reversed than to have it stand. From his evidence the reversal of the judgment would not have adversely affected him but would have pleased him. He and appellant Gilligan are not adverse parties. His answer is identical with hers, and his testimony substantiates her claim rather than that of plaintiff.

The administrator of Byrnes' estate stands in the same position as Byrnes were he living. Byrnes not being an adverse party of appellant she was not obliged to service notice of appeal on him.

I think the motion to dismiss should be denied and the appeal considered on its merits.