IN RE MALICK'S ESTATE.

MALICK, APPELLANT, *v.* PETERSON, ET AL., RESPONDENTS.

No. 8980.

Submitted March 8, 1951. Decided March 16, 1951.

228 Pac. (2d) 963.

Mr. C. T. Sanders, Mr. F. P. Holbrook, Jr., and Mr. P. H. Cresap, all of Sidney, for appellant.

Mr. Milton G. Anderson, and Messrs. Brattin and Habedank,

all of Sidney, Messrs. Hildebrand and Warren, Glendive, for respondents.

Mr. Sanders and Mr. Anderson argued orally.

MR. CHIEF JUSTICE ADAIR:

On respondents' motion to dismiss the appeal. Joseph C. Malick, a bachelor resident of Richland county, Montana, died leaving an estate consisting of both real and personal property in such county. Thereafter the respondent Milton G. Anderson was duly appointed and qualified as administrator of decedent's estate. In discharging his duties the administrator found among decedent's effects certain documents in decedent's handwriting of a testamentary character indicating that upon his death he desired that the respondent J. E. Peterson be notified and take charge of his business affairs. Thereupon the respondent J. E. Peterson petitioned the district court of Richland county for the probate of the aforesaid writings as decedent's last will and testament. To such petition the appellant John Malick, a brother of decedent, by his attorneys C. T. Sanders, Esq. and F. P. Holbrook, Esq., filed written objections. Three separate answers in writing were filed in opposition to the appellant's aforesaid objections. The respondents Mary West, Tom West and Virgil West, three of the devisees and legatees named in the purported will, by their attorneys, Carl Brattin, Esq. and Otto Habedank, Esq., filed one answer. The respondent Milton G. Anderson, as administrator of the estate, appearing *pro se,* filed a second answer. The respondent J. E. Peterson by his attorney Milton G. Anderson, Esq. filed a third separate answer. To the separate answer of the respondents Mary West, Tom West and Virgil West the appellant filed a reply.

The issues being joined, the cause was tried to the court without a jury. At the trial respondents and the appellant appeared in person and by their respective counsel. Evidence, both oral and documentary, was introduced and after the arguments of counsel and the submission of briefs, the district court on August 29, 1949, made and entered an order admitting the

offered writings of decedent as his last will and appointing the respondent J. E. Peterson as administrator with the will annexed of decedent's estate.

On October 28, 1949, appellant's counsel caused to be deposited in the United States Post Office at Sidney, Montana, a letter addressed to ''Mr. Milton G. Anderson, Attorney at Law, Sidney, Montana'' and a like letter addressed to ''Brattin and Habedank, Attorneys at Law, Sidney, Montana'' each containing a copy of a notice of appeal directed to the clerk of the district court stating that the objector John Malick appeals to this court from the district court's aforesaid order of August 29, 1949. The two letters, with the notice enclosed, were received through the mail by the addressees on October 29, 1949.

At all the times here involved, attorneys Milton G. Anderson, Esq., Carl Brattin, Esq., Otto Habedank, Esq., C. T. Sanders, Esq., and F. P. Holbrook, Esq. each had and maintained his office and residence in Sidney, Montana, a city of approximately 4,500 population.

Prior to the settlement of appellant's proposed bill of exceptions in the district court, the respondents, by and through their respective counsel, objected to such settlement upon the grounds that the district court was without jurisdiction to settle the proposed bill in that the notice of appeal is invalid and void for the reason that it was not served within the time nor in the manner provided by statute. Respondents' objections were overruled by the district judge who thereupon proceeded to settle the bill.

Upon the filing of the transcript here, respondents filed timely motions to dismiss the appeal, challenging the jurisdiction of this court because of the appellant's failure to serve, in the manner prescribed by law, timely notice of appeal.

The order admitting the will to probate and appointing an administrator C. T. A. is an appealable order. R. C. M. 1947, sec. 93-8003, subd. 3.

An appeal is taken by filing, with the clerk of the court in which the order appealed from is entered, a notice stating

the appeal from the same or some specific part thereof, and serving a similar notice on the adverse party or his attorney. R. C. M. 1947, sec. 93-8005.

In this case the adverse parties are the respondents herein, viz.: The petitioning proponent J. E. Peterson, the administrator Milton G. Anderson, and the legatees and devisees named in the will.

At all the times herein mentioned the respondent Milton G. ██ Anderson was the duly elected county attorney of Richland county, having his office in the county court house and his residence in Sidney. He alone appeared *pro se* in the proceedings but each of the other respondents appeared therein by attorneys of record. The attorneys so appearing were entitled to notice of the appeal, R. C. M. 1947, sec. 93-8505, and, under the facts of this case, the service of such notice must be upon such attorneys rather than the party or parties whom they represent. R. C. M. 1947, sec. 93-8506; Endresse v. Van Vleet, 118 Mont. 533, 538, 169 Pac. (2d) 719.

There was no personal service of the notice of appeal on any ██ party or attorney in the proceeding. While service by mail may be made where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is a regular communication by mail, R. C. M. 1947, sec. 93-8503, yet such form of service may not be resorted to as against the respondent Milton G. Anderson, appearing *pro se,* and the respondents Mary West, Tom West, Virgil West, Claire West and Earl West appearing by their attorneys Brattin and Habedank for the simple reason that attorneys Anderson, Brattin and Habedank each and all reside and have their offices in the same place (Sidney) where appellant's attorneys reside and have their offices as appellant's counsel well knew. R. C. M. 1947, secs. 93-8502 and 93-8503; State ex rel. Cohn v. District Court, 38 Mont. 119, 123, 99 Pac. 139.

That on October 29th and after the sixty days allowed by statute for taking an appeal had expired, attorneys Brattin

and Habedank received through the mail the letter from appellant's counsel containing the notice and that also on October 29th attorney Anderson received by mail a like letter from appellant's counsel is of no moment for the notice contemplated in section 93-8005 is a legal notice, 93-8501, that must be served, 93-8005, in the manner provided in section 93-8502. See State ex rel. Cohn v. District Court, supra, 38 Mont. at page 124, 99 Pac. 139. Under the facts which here obtain the provisions of section 93-8503 have no application and they could not be invoked to effect valid service of the notice on the respondent Anderson or on the various respondents represented by Brattin and Habedank. Being unauthorized the attempted service by mail upon the attorneys residing in Sidney is invalid and such counsel and the parties represented by them stand as yet unserved.

The appellant is charged with the duty of perfecting his appeal in the manner and within the time provided by law and unless such mandatory statutory provisions are complied with this court acquires no jurisdiction to entertain and determine the appeal. Endresse v. Van Vleet, supra; Reardon v. Gilligan, Mont., 202 Pac. (2d) 242; Clarke v. Swartz, 87 Mont. 1, 2, 285 Pac. 177; Mitchell v. Banking Corporation of Montana, 81 Mont. 459, 465, 264 Pac. 127; Featherman v. Granite County, 28 Mont. 462, 72 Pac. 972; Washoe Copper Co. v. Hickey, 23 Mont. 319, 322, 58 Pac. 866; Hines v. Carl, 22 Mont. 501, 57 Pac. 88; Creek v. Bozeman Water Works Co., 22 Mont. 327, 56 Pac. 362.

Because of the failure to serve the notice of appeal in the manner required by law, sec. 93-8502, and within the sixty days allowed by law, sec. 93-8004, this court is without jurisdiction to entertain the appeal and it is ordered dismissed.

MR. JUSTICES METCALF, BOTTOMLY, ANGSTMAN and FREEBOURN concur.