MICHAEL M. ANTOFF, Claimant and Appellant, v. GREY-
HOUND POST HOUSES, INC., Employer and Respondent,
and CONTINENTAL CASUALTY COMPANY, Defendant
and Respondent.

No. 10208
Submitted May 10, 1961. Decided June 12, 1961.
362 P.2d 546.

Joseph P. Hennessey, Billings, for Appellant.

Coleman, Lamey & Crowley, Billings. Bruce R. Toole, Bil-
lings for Respondents.

MR. CHIEF JUSTICE HARRISON delivered the Opinion
of the Court.

This is an appeal from an order dismissing an appeal by
the claimant Antoff from an order of the Industrial Accident
Board to the district court of Yellowstone County.

On February 23, 1960, the Industrial Accident Board denied a rehearing to the claimant. From such order, the claimant, on March 21, 1960, served and filed his notice of appeal to the district court upon the attorneys for the employer and insurer. On May 20, 1960, attorneys for the employer and insurer filed a motion to dismiss the appeal upon the grounds that the notice of appeal was filed more than twenty days after notice of the order denying the rehearing, and that the copy of the notice of appeal was not mailed by the claimant but was personally served upon the attorneys. The motion to dismiss was heard on July 6, and on October 17, 1960, the court granted such motion. Claimant took his appeal to this court on October 25.

The claimant contends the court was in error in granting the motion to dismiss.

R.C.M. 1947, § 92-833, provides:

"Within thirty days (30) after the application for a rehearing is denied, or, if the application is granted, within thirty days (30) after the rendition of the decision on the rehearing, and within twenty days (20) after notice thereof, any party affected thereby may appeal to the district court of the judicial district of the state of Montana, in and for the county in said state wherein the accident or injury occurred or the employer may have his place of residence, or if such employer be a corporation, may have its principal office or place of business, and said appeal shall be for the purpose of having the lawfulness of the original order, decision, or award, or order, decision or award on rehearing inquired into and determined."

The record shows that the notice denying rehearing was mailed from the Industrial Accident Board on February 24, 1960.

R.C.M. 1947, § 93-8504, provides:

"In case of service by mail, the notice or other paper must be deposited in the postoffice, addressed to the person on

whom it is to be served, at his office or place of residence, and postage paid. The service is complete at the time of the deposit, but if within a given number of days after such service a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done is extended an additional five days.''

In the notice of appeal claimant states that the order denying rehearing was received on February 29, 1960, whereas adversary counsel state they received such order on February 25, 1960, and both reside in the same city. For the purposes of this case we can use the date of February 25, 1960, and applying the provisions of section 93-8504, supra, the notice of appeal was filed within time, and respondent concedes that this is correct in its brief.

The second ground of the motion to dismiss was the point that the statute, section 92-834, R.C.M. 1947, provides that copy of the notice of appeal should be mailed, whereas here it was personally served upon the attorneys who executed an admission of its receipts on March 21, 1960.

Respondent relies upon State ex rel. Cohn v. District Court, 38 Mont. 119, 99 P. 139, which held that where service of a notice under the provisions of section 7146, Rev. Codes of 1907, now section 93-8502, R.C.M. 1947, was required to be made upon an attorney personally it could not be made by mail. The provisions of this section provide for service by mail only if the residence of the attorney is not known, and under the facts in that case such residence was known. This section provides with reference to notices: ''The service may be personal, by delivery to the party or attorney on whom the service is required to be made * * *.''

In re Malick's Estate, 124 Mont. 585, 228 P.2d 963, also relied on by respondent, deals with the service of a copy of a notice of appeal which was served by mail upon attorneys for the respondent whose residence was in the same city as that of the attorney for the appellant. This court there held that

service could not be made by mail in such event in view of the provisions of sections 93-8502 and 93-8503, on the authority of the Cohn case, supra.

Under the provisions of these statutes it is quite clear that one may not resort to service of a notice by mail upon an attorney unless the residence of such attorney be not known, or the attorneys reside or have their offices in different places, between which there is a regular communication by mail.

Section 93-3018, R.C.M. 1947, providing for proof of service of summons and complaint in civil actions, provides that such service may be made by the "written admission of the defendant."

The purpose of all statutes, providing for service of copies of notices upon adversary counsel is to give notice that they may take such steps as may be necessary to protect the rights of their client. Where provision is made for personal service of such notice many reasons exist for a strict construction of such law because personal service gives actual notice. Where a statute, such as section 92-834, R.C.M. 1947, provides that copy of the notice of appeal should be mailed there can exist no reason why personal service does not fully comply with the purpose of the law, that of giving notice. Service of the copy was not refused by the respondent's counsel, they executed an admission of service. We find no merit in this ground.

The cause is remanded to the district court with instructions to vacate and annul its order granting the motion to dismiss, and enter an order denying it.

It is so ordered.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON concur.