THOMAS H. GREEN, Plaintiff and Respondent, *v.* DAN MORRISON & SONS, a Co-partnership, Consisting of David A. Morrison and Donald L. Morrison, Defendants and Appellants.

No. 10328.
Submitted January 16, 1962. Decided February 1, 1962.
Rehearing denied February 21, 1962.
368 P.2d 570.

DeKalb, Dockery, Mondale & Johnson, Lewistown, Robert L. Johnson, argued orally, Lewistown, for appellants.

Donald E. Ronish, argued orally, Lewistown, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal from a judgment entered in the district court at Lewistown, Montana, on January 4, 1961, following a trial before the court sitting without a jury. Notice of appeal was filed in the district court on June 30, 1961. An affidavit of mailing a copy of such notice of appeal was filed July 5, 1961. This affidavit discloses that the attorneys for appellant reside in Lewistown, Montana, as well as the attorney for respondent. The transcript on appeal contains an affidavit of one of counsel for appellant filed August 23, 1961, but bearing date of July 5, 1961, wherein it is averred that such counsel endeavored to make personal service upon the attorney for respondent but

found his office locked and a note posted indicating such attorney would not be in his office until July 5, 1961; that counsel later called at the attorney's residence but found no one there of suitable age or discretion upon whom to serve such copy; that counsel then had it mailed.

A contradictory affidavit of respondent's attorney avers that his office was open on June 30, 1961, until after 5:00 p.m., that if counsel for appellant saw the posted note it would have had to be later than 5:00 p.m. because the note was not posted until such closing time; that the envelope used in mailing bore postmark of 7:00 p.m. of June 30, 1961; that respondent's attorney was at his residence during most of the time on July 1, 2, 3, and 4, 1961, and was in his office all day on July 5, 1961, which was the last day for service of the notice of appeal.

The wife of respondent's attorney by affidavit averred the family has six children between two and thirteen years of age, all of whom were home with her on June 30, 1961; that she was personally present at the home all day and counsel for appellant did not call either in person or by phone at any time during that day.

Another affidavit by an attorney officing in the same building as respondent's attorney averred that he knew such attorney was in his office on June 30, 1961, and such office was not closed until after 5:00 p.m., and also that such attorney was in his office the entire day of July 5, 1961.

On September 6, 1961, a motion to dismiss this appeal was filed in this court by respondent upon the ground that this court lacks jurisdiction to entertain and determine this cause because of appellant's failure to timely and properly serve notice of appeal.

Following the filing of the motion to dismiss, this court ordered that hearing thereof be continued until the oral argument of the cause and to save expense further provided that each party be permitted to file typewritten briefs.

As authority for his motion counsel cites In re Malick's Estate, 124 Mont. 585, 228 P.2d 963, wherein this court stated:

"There was no personal service of the notice of appeal on any party or attorney in the proceeding. While service by mail may be made where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is a regular communication by mail, R.C.M.1947, § 93-8503, yet such form of service may not be resorted to as against the respondent Milton G. Anderson, appearing pro se, and the respondents Mary West, Tom West, Virgil West, Claire West and Earl West appearing by their attorneys Brattin and Habedank for the simple reason that attorneys Anderson, Brattin and Habedank each and all reside and have their offices in the same place (Sidney) where appellant's attorneys reside and have their offices as appellant's counsel well knew. R.C.M.1947, §§ 93-8502 and 93-8503; State ex rel. Cohn v. District Court, 38 Mont. 119, 123, 99 P. 139.

"That on October 29th and after the sixty days allowed by statute for taking an appeal had expired, attorneys Brattin and Habedank received through the mail the letter from appellant's counsel containing the notice and that also on October 29th attorney Anderson received by mail a like letter from appellant's counsel is of no moment for the notice contemplated in section 93-8005 is a legal notice, section 93-8501, that must be served, [section] 93-8005, in the manner provided in section 93-8502. See State ex rel. Cohn v. District Court, supra, 38 Mont. at page 124, 99 P. 139. Under the facts which here obtain the provisions of section 93-8503 have no application and they could not be invoked to effect valid service of the notice on the respondent Anderson or on the various respondents represented by Brattin and Habedank. Being unauthorized the attempted service by mail upon the attorneys residing in Sidney is invalid and such counsel and the parties represented by them stand as yet unserved.

"The appellant is charged with the duty of perfecting his appeal in the manner and within the time provided by law and unless such mandatory statutory provisions are complied with this court acquires no jurisdiction to entertain and determine the appeal. Endresse v. Van Vleet, supra, 118 Mont. 533, 169 P.2d 719; Reardon v. Gilligan, 122 Mont. 295, 202 P.2d 242; Clarke v. Swartz, 87 Mont. 1, 2, 285 P. 177; Mitchell v. Banking Corporation of Montana, 81 Mont. 459, 465, 264 P. 127; Featherman v. Granite County, 28 Mont. 462, 72 P. 972; Washoe Copper Co. v. Hickey, 23 Mont. 319, 322, 58 P. 866; Hines v. Carl, 22 Mont. 501, 57 P. 88; Creek v. Bozeman Water Works Co., 22 Mont. 327, 56 P. 362."

In Antoff v. Greyhound Post Houses, Inc., 139 Mont. 252, 362 P.2d 546, we referred to the Malick case, supra, in these words:

"In re Malick's Estate, 124 Mont. 585, 228 P.2d 963, also relied on by respondent, deals with the service of a copy of a notice of appeal which was served by mail upon attorneys for the respondent whose residence was in the same city as that of the attorney for the appellant. This court there held that service could not be made by mail in such event in view of the provisions of sections 93-8502 and 93-8503, on the authority of the Cohn case, supra.

"Under the provisions of these statutes it is quite clear that one may not resort to service of a notice by mail upon an attorney unless the residence of such attorney be not known, or the attorneys reside or have their offices in different places, between which there is a regular communication by mail."

This court has been consistent in its holdings with regard to service of the notice of appeal. As we stated in the Antoff case, supra:

"The purpose of all statutes, providing for service of copies of notices upon adversary counsel is to give notice that they may take such steps as may be necessary to protect the rights of their client. Where provision is made for personal service

of such notice many reasons exist for a strict construction of such law because personal service gives actual notice.''

Our statutes are plain and clear. See R.C.M.1947, § 93-8503, which provides:

''Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail.''

In our view the failure to make proper service of the notice of appeal leaves us without jurisdiction to entertain the appeal, and it is therefore ordered dismissed.

MR. JUSTICES ADAIR, DOYLE and CASTLE concur.