436

THE STATE OF MONTANA, State Highway Commission of the State of Montana, and HARRY L. BURNS, L. V. SWANSON, OTIS S. WATERS, S. N. HALVORSON, and ROY L. SORRELLS, as Members of and Constituting The State Highway Commission of the State of Montana, Plaintiffs and Appellants, v. DEE W. ALEXANDER, Defendant and Respondent.

No. 10309.

Submitted May 14, 1962. Decided June 6, 1962.
Rehearing denied July 2, 1962.
372 P.2d 426.

Forrest H. Anderson, Atty. Gen., C. R. Herron, D. J. Sullivan

and P. W. Strope, D. J. Sullivan (argued orally), Helena, for appellants.

Skelton & Hendricks, Thomas P. Hendricks (argued orally), Missoula, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of Mineral County on the 21st day of February, 1961. The cause was tried to the court without a jury and the court made findings of fact and conclusions of law and coupled the same with its judgment. Following filing of the judgment on February 23, 1961, exceptions were taken to the findings of fact, and the court set a date for the hearing thereof; following such hearing the exceptions were denied and the findings affirmed as made. The court's order was dated March 10, and filed on March 13, 1961. On May 9, 1961, a notice of appeal, bearing date May 8, 1961, was filed in the office of the clerk of the district court.

On October 4, 1961, a motion to dismiss the appeal was filed in this court by the defendant on the ground that the plaintiffs failed to perfect their appeal within the statutory time following entry of judgment by failing to serve the notice of appeal upon the defendant or his counsel. On October 6, 1961, an order to show cause was issued by this court requiring plaintiffs to show cause in writing within 10 days why the motion to dismiss should not be granted. On October 18, 1961, plaintiffs answered that the notice of appeal was not served until September 5, 1961, and asserted that such service was timely because the time for appeal did not begin to run until March 10, 1961.

This court, being of the opinion that the motion to dismiss should be heard in oral argument, on October 25, 1961, ordered that a hearing thereon be had when the cause was set for oral argument.

R.C.M.1947, § 93-8005, provides in part: "An appeal is

taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, *and serving a similar notice on the adverse party, or his attorney.* * * *"
(Emphasis supplied.)

██ It is undisputed in this matter that no service of the notice of appeal was made upon the defendant or his counsel; plaintiff's only contention being that it was served on September 5, 1961, because of the fact that it was one of the papers contained in the transcript on appeal which was served upon counsel for defendant upon that day. We cannot subscribe to this contention. The statute clearly intends that the notice of appeal be served as therein required, and the transcript on appeal to be in proper order would of necessity have to contain a showing of such service. Here it does not.

In Green v. Dan Morrison & Sons, 140 Mont. 142, 368 P.2d 570, this court stated:

" 'The appellant is charged with the duty of perfecting his appeal in the manner and within the time provided by law and unless such mandatory statutory provisions are complied with this court acquires no jurisdiction to entertain and determine the appeal. Endresse v. Van Vleet, supra, 118 Mont. 533, 169 P.2d 719; Reardon v. Gilligan, 122 Mont. 295, 202 P.2d 242; Clarke v. Swartz, 87 Mont. 1, 2, 285 P. 177; Mitchell v. Banking Corporation of Montana, 81 Mont. 459, 465, 264 P. 127; Featherman v. Granite County, 28 Mont. 462, 72 P. 972; Washoe Copper Co. v. Hickey, 23 Mont. 319, 322, 58 P. 866; Hines v. Carl, 22 Mont. 501, 57 P. 88; Creek v. Bozeman Water Works Co., 22 Mont. 327, 56 P. 362.' In re Malick's Estate, 124 Mont. 585, 228 P.2d 963. * * *.

"This court has been consistent in its holdings with regard to service of the notice of appeal. As we stated in the Antoff case, supra: Antoff v. Greyhound Post Houses, Inc., 139 Mont. 252, 362 P.2d 546.

" 'The purpose of all statutes, providing for service of copies

of notices upon adversary counsel, is to give notice that they may take such steps as may be necessary to protect the rights of their client. Where provision is made for personal service of such notice many reasons exist for a strict construction of such law because personal service gives actual notice.'

"Our statutes are plain and clear."

The failure to serve the notice of appeal as required by section 93-8005, supra, deprived this court of jurisdiction to entertain the appeal and the motion to dismiss must be granted. It is therefore ordered that the above-entitled appeal be, and it is, dismissed.

MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.

MR. JUSTICE DOYLE not participating.