A. K. NORTHROP AND JOANNE M. NORTHROP, HUSBAND
AND WIFE, PLAINTIFFS AND RESPONDENTS, v. LEE C. NELSON,
D/B/A LEE C. NELSON CONTRACTOR, DEFENDANT AND
APPELLANT.

No. 11071.
Submitted February 8, 1966. Decided February 11, 1966.
410 P.2d 942.

Swanberg, Koby & Strope, Great Falls, Philip W. Strope,
Great Falls (argued) for appellant.

Hilley & Roy, Great Falls, Philip E. Roy (argued), Great
Falls, for respondents.

PER CURIAM:

On January 25, 1966, a motion to dismiss this appeal was

filed by respondents. The grounds of the motion were that appellant had failed to perfect his appeal in accordance with section 93-8004, R.C.M.1947, in that no service of the notice of appeal had been made upon respondents as required by section 93-8005, R.C.M.1947. Appellant filed an affidavit in objection to the motion and the matter was heard on oral argument.

It appears that judgment was entered, notice of entry thereof served on appellant, and filed on June 11, 1965. A notice of appeal was filed by appellant on November 22, 1965, and copy thereof served upon respondents on December 27, 1965.

Appellant contends that service of the notice of appeal was made when a copy thereof was inserted in a proposed bill of exceptions and appellant and respondents stipulated that such bill of exceptions might be signed, settled and allowed on October 13, 1965. However, this court in State Highway Comm. v. Alexander, 140 Mont. 436, 372 P.2d 426, in an identical situation, held this was not service. Further, appellant contends that service was effected when on November 19, 1965, he displayed the notice of appeal and copies thereof to one of counsel for the respondents, along with a motion to stay judgment and an order. However, the admission of service signed by such counsel is solely upon the motion to stay judgment, but appellant's counsel believes to the best of his knowledge and recollection that he left in the office of respondents' counsel a copy of the notice of appeal. During December of 1965, counsel for respondents notified counsel for appellant that they did not find any notice of appeal in their file and thereupon appellant's counsel served a copy thereof on December 27, 1965, as hereinbefore referred to, and respondents' counsel admitted service thereof as of that date.

This court has consistently held that in order to perfect an appeal under section 93-8005, R.C.M.1947, the notice of appeal must be filed with the Clerk of Court and copy of the notice served upon the adverse party or his attorney, and that compliance with the statute is jurisdictional. See Endresse v.

Van Vleet, 118 Mont. 533, 169 P.2d 719; Malick v. Peterson, 124 Mont. 585, 228 P.2d 963; State Highway Comm. v. Alexander, supra; Seiffert v. Police Commission, 144 Mont. 52, 394 P.2d 172.

██ The best of knowledge and recollection cannot be accepted as proof that service has been effected. So far as this record shows the notice of appeal was not served until after the expiration of the statutory period of six months provided in section 93-8004, R.C.M.1947, and such failure to serve the notice of appeal has deprived this court of jurisdiction to entertain the appeal and the motion to dismiss must be granted.

It is ordered that this appeal be, and it is hereby, dismissed.

MR. JUSTICE ADAIR dissents.