

**FILED**

12/16/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0721

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0721

_____

MONTANA DEPARTMENT OF PUBLIC
HEALTH AND HUMAN SERVICES,

      Petitioner,

v.

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, CASCADE COUNTY, HON. JOHN W.
PARKER, presiding.

      Respondent.

O R D E R

_____

Petitioner Montana Department of Public Health and Human Services (DPHHS) seeks a writ of review or supervisory control, with a stay of proceedings, to vacate the December 3, 2024 Order Resetting Review Hearing on Defendant's Fitness to Proceed of the Eighth Judicial District Court, Cascade County, in Cause No. DDC-24-253, to the extent that the court has ordered the in-person appearance of the Director of DPHHS at that hearing.

The case underlying this proceeding is a criminal proceeding in which the District Court ordered the defendant committed to Montana State Hospital (MSH) for Mental Evaluation upon a determination that the defendant was unfit to proceed. The order, filed on August 5, 2024, ordered the Cascade County Sheriff's Office to immediately transport the defendant to MSH and set a review hearing for September 11, 2024.

However, the defendant was never transported to MSH, but remains in custody at the Cascade County Detention Center. On December 3, 2024, the District Court entered the order at issue, setting the Fitness to Proceed hearing for December 18, 2024, and further providing, "The Director of the Department of Public Health and Human Services is ordered to attend and appear in person."

Although the order provides no further details, DPHHS asserts in its petition that the District Court has compelled DPHHS Director Charles T. Brereton to "provide sworn testimony under oath on matters about which he has no personal knowledge." DPHHS relies on a comment made by defense counsel in a motion regarding discussion that occurred at a prior hearing, but provides no hearing transcript. DPHHS requests this Court to take supervisory control.

Pursuant to Article VII, Section 2(1), of the Montana Constitution, this Court may issue, hear, and determine writs appropriate thereto, including such other writs as may be provided by law, including the writ of review or certiorari. See Title 27, Ch. 25, MCA. Article VII, Section 2(2), of the Montana Constitution, provides that this Court may exercise supervisory control over other courts. The procedure for a petition for extraordinary writ, including writs of review and of supervisory control, is found within M. R. App. P. 14. Pertinent to our disposition of the present petition, M. R. App. P. 14(6) provides in part, "If a petition for an extraordinary writ or for a writ of supervisory control is filed with respect to any proceeding pending in the district court, the petition and any exhibits relating to a ruling of the district court must be served upon the district judge against whose ruling it is directed and upon all parties."

Here, we question the District Court's perceived need to require the DPHHS Director to personally travel to Great Falls to give testimony, and thus why the Director's remote video testimony would not be sufficient. We similarly question how or on what basis any lack of personal knowledge regarding the subject matter at issue would or should preclude or impair the Director from testifying regarding any pertinent matter within the scope of his personal knowledge in his capacity as the chief corporate or institutional representative of DPHHS. However, we cannot consider such and other related substantive questions unless and until they are presented in a manner sufficient to procedurally trigger or enable exercise of our jurisdiction in this matter under M. R. App. 14(6).

In that regard, DPHHS served its Petition upon the presiding Judge, Hon. John W. Parker, and upon its own co-counsel. DPHHS failed to serve the parties to the underlying case.

2

DPHHS's failure to comply with the mandatory provisions of Rule 14(6) leaves this Court without jurisdiction to entertain the matter. *Mont. Power Co. v. Mont. Dep't of Pub. Serv. Regulation*, 218 Mont. 471, 479, 709 P.2d 995, 999 (1985) (holding that this Court acquires no jurisdiction to entertain and determine an appeal if the mandatory statutory provisions are not complied with) (citing *In re Malick's Estate*, 124 Mont. 585, 228 P.2d 963 (dismissing an appeal where the appellant failed to serve notice of appeal as required by statute)); *B.D. & J.D. v. Thirteenth Jud. Dist.*, No. OP 21-0335, 405 Mont. 536, 495 P.3d 417 (July 20, 2021, *reh'g denied* Aug. 17, 2021).

IT IS THEREFORE ORDERED that the petition for writ of review or supervisory control is DENIED and DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eighth Judicial District Court, Cascade County, Cause No. DDC-24-253, and the Honorable John W. Parker, presiding.

DATED this 16th day of December, 2024.

Justices