WOODMAN, RESPONDENT, *v.* CALKINS ET AL., APPELLANTS.

[Argued August 9, 1892. Decided September 15, 1892.]

APPEAL — *Undertaking.* — An undertaking on appeal which provides for the payment by appellants of all damages and costs which may be awarded against them on the appeal, but omits the words "or on a dismissal thereof," is defective but not void, and a motion to dismiss the appeal for such defect will be denied where a new and sufficient undertaking is filed before the motion is heard. (*Stapleton v. Pease,* 2 Mont. 508; *Pierse v. Miles,* 5 Mont. 549; *Territory v. Milroy,* 7 Mont. 559, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

Judgment was rendered for plaintiff below by HUNT, J.

On motion to dismiss appeal.

*R. R. Purcell,* for the motion.

*David B. Carpenter, contra.*

BLAKE, C. J. — The judgment in this action was entered May 16, 1892, and the notice of appeal and undertaking on appeal were filed June 6, 1892. The transcript was filed June 25, 1892, in this court, and the respondent moves to dismiss the appeal upon the ground that the undertaking does not conform to the provisions of the Code of Civil Procedure: "The undertaking on appeal . . . . must be executed . . . . to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding three hundred dollars. . . . ." (§ 423.) The language of the condition of the undertaking is as follows: "Now, therefore, in consideration of the premises and of such appeal, we, the undersigned, residents of the county of Lewis and Clarke, State of Montana, do hereby jointly and severally undertake, on the part of the appellant, that the said appellant will pay all damages and costs which may be awarded against defendants on appeal, not exceeding three hundred dollars." The following condition, required by the statute, has been omitted: "Or on a dismissal thereof."

The appellants, before the hearing of this motion, filed with their affidavit a sufficient undertaking on appeal, which is executed by the sureties who are named in the original instrument. The respondent objects to the consideration of the second undertaking, and contends that the failure to insert the foregoing clause vitiates the entire document. We think this is a strained interpretation of the words, and that the sureties have rendered themselves liable in a certain contingency to pay all damages and costs which may be awarded against the appellants. The first undertaking is defective, and not void. It has been the practice of the Supreme Court of the Territory to allow a new undertaking of this nature to be made when the appellant has shown his good faith by complying substantially with the Code of Civil Procedure, and filing, within the proper time, an undertaking on appeal. (*Stapleton* v. *Pease*, 2 Mont. 508; *Pierse* v. *Miles*, 5 Mont. 549; *Territory* v. *Milroy*, 7 Mont. 559, and cases cited.) In *Pierse* v. *Miles*, *supra*, Chief Justice Wade, for the court, said: "The law requires an undertaking or bond on appeal, but an appeal will not be dismissed because of a defect in, or insufficiency of, the bond or undertaking, before

giving the appellant an opportunity to file a new or sufficient one." This rule has been pursued, without any question, in a number of cases in which no written opinions were delivered.

It is therefore ordered that the motion for respondent be overruled, and that the appellants be permitted to file their new undertaking on this appeal.

*Motion overruled.*

HARWOOD, J., and DE WITT, J., concur.