CREEK, APPELLANT, *v.* BOZEMAN WATER WORKS CO., RESPONDENT.

[No. 1,078.]

[Submitted March 16, 1899.   Decided March 20, 1899.]

*Appeal and Error—Appeal Bond—Sufficiency of—Ambiguity of—Dismissal of Appeal—Practice.*

1. An appeal undertaking recited four distinct appeals,—one from the judgment, and three from orders,—and that, in consideration "of such appeal, * * * appellant will pay all damages and costs which may be awarded against her." *Held,* that the undertaking was invalid for ambiguity, in not stating which appeal it was intended to secure.

2. If an appeal undertaking, reciting separate appeals from the judgment and from different orders, is void for ambiguity as to which appeal it is intended to refer to, appellant cannot escape the effect of the ambiguity by claiming that the orders are not appealable, and the bond therefore refers to the judgment, as the court, in determining the validity of the undertaking, will not examine the record to see what orders are appealable.

3. If, after the expiration of the statutory time for perfecting appeals, an appeal undertaking is adjudged void for ambiguity, appellant cannot then prevent a dismissal by filing a valid bond, since it would operate to extend appellant's time for perfecting his appeal.

4. Statutory provisions regulating the manner of taking and perfecting appeals must be strictly pursued.

*Appeal from District Court, Gallatin County; Horace R. Buck, Judge.*

ACTION by Rachel E. Creek against the Bozeman Water Works Company.   Judgment for defendant, and plaintiff appeals.   On motion to dismiss the appeal.   Appeal dismissed.

*Cockrill & Pierce,* for Appellant.

*Hartman Bros. & Stewart,* for Respondent.

**PIGOTT, J.**—Respondent moves the Court to dismiss the appeals upon the ground that the undertaking is so ambiguous that it cannot be determined therefrom for which appeal it was given. Appellant duly filed and served a notice that she appealed to this Court from the judgment and from an order denying a new trial, and also from two several orders. The body of the undertaking on appeal is as follows:

"Whereas, the plaintiff in the above-entitled action is about to appeal to the Supreme Court of the State of Montana from a judgment therein made and entered in the said District Court on the 23d day of April, 1896, against the plaintiff and in favor of the defendant, and from the whole thereof; also, from the decision and order of the said District Court made in said action on the 6th day of May, 1896, overruling plaintiff's objection to certain findings named in said order, and denying plaintiff's motion to correct said findings, and from the whole of said order; also, from the decision and order of the said District Court made in said action on May 6, 1896, refusing and denying plaintiff's motion and request for additional findings, and from the whole thereof; also, from the decision and order of said District Court made in said action December 11, 1896, denying plaintiff's motion for a new trial, and from the whole thereof. Now, therefore, in consideration of the premises and such appeal, we, the undersigned householders of the State of Montana, do hereby jointly and severally undertake and promise, on the part of the appellant, that the said appellant will pay all damages and costs which may be awarded against her on the appeal, or on dismissal thereof, not exceeding three hundred dollars, to which amount we acknowledge ourselves jointly and severally bound."

It will be observed that, although there are four separate and distinct appeals,—one of them being from a judgment, and three from orders,—the condition of the undertaking is that, in consideration "of such appeal, * * * appellant will pay all damages and costs which may be awarded against her on the appeal, or on dismissal thereof, not exceeding three hundred dollars." While but one undertaking in the sum of

$300 is required on appeal from a final judgment and from an
order refusing or granting a new trial, taken at the same time
(*Watkins* v. *Morris*, 14 Mont. 354, 36 Pac. 452; Code of
Civil Procedure, Sec. 1731), yet this rule of practice does not
apply when an appeal is taken from a judgment and from any
other order, or from several orders only.   No appeal is ef-
fectual for any purpose, unless within five days after service
of the notice of appeal an undertaking in the sum of $300,
conditioned conformably to Section 1725 of the Code of Civil
Procedure, be filed or waived, or a deposit of money be made
(Code of Civil Procedure, Sec. 1724); and the undertakings
on several appeals prosecuted from the judgment and from
any order or orders, or from orders only, when entered in the
same action or proceeding, may be in one instrument, or sev-
eral, at the option of the appellant.   (Section 1731, *supra.*)

Here there is nothing to indicate whether the undertaking
is intended to refer to the judgment and order refusing a new
trial to the order overruling objections to certain findings, or
to the order denying the request for additional findings.  "The
undertaking is no undertaking at all.   It is so ambiguous that
it must be regarded as if none had been filed."  (*Home &
Loan Associates* v. *Wilkins*, 71 Cal. 626, 12 Pac. 799.)  With
the exception of a portion of Section 1731, the sections men-
tioned were adopted from the statutes of California, and that
such an undertaking· as the one in the case at bar is void is
held in the following cases:   *Corcoran* v. *Desmond*, 71 Cal.
100, 11 Pac. 815; *McCormick* v. *Belvin*, 96 Cal. 182, 31 Pac.
16; *Centerville Ditch Co.* v. *Batchold*, 109 Cal. 111, 41 Pac.
813; *In re Heydenfeldt's Estate*, 119 Cal. 346, 51 Pac. 543.
Even without the persuasive effect of these decisions, we have
no doubt that the undertaking is void for ambiguity.

Appellant argues, however, that neither of the orders in
respect of the findings is appealable, and that, therefore, the
undertaking must be referred to the appeals from the judg-
ment and order refusing a new trial.   Considering this iden-
tical point in *Centerville Ditch Co.* v. *Batchold*, *supra*, the
court held that, "when a motion to dismiss an appeal is made

upon the ground that the appeal has not been perfected, the appellant cannot ask the court to look into the record for the purpose of determining whether the order he has appealed from is appealable. The appellant cannot protect himself against a defective appeal by saying that he had no right to appeal." And in *In re Heydenfeldt's Estate, supra,* it was decided that "where a motion to dismiss an appeal is not upon the ground that the thing appealed from is not appealable, but upon the ground that there has not been a compliance with the statutory provision prescribing the mode of taking an appeal, then we cannot consider whether either of the orders appealed from is appealable." The opinions in these cases state clearly the reasons leading to the result announced, and we are satisfied that the reasons are sound and the conclusion inevitable.

Appellant has offered to file a new undertaking in this Court, claiming the right to do so under Section 1740 of the Code of Civil Procedure. Since the instrument filed in the court below, and called an "undertaking," is so defective and ambiguous as to be void, to permit the paper now tendered to be filed would have the effect of allowing an appeal to be perfected after the time prescribed by statute. (*Centerville Ditch Co.* v. *Batchold* and *In re Heydenfeldt's Estate, supra.*) In *Woodman* v. *Calkins,* 12 Mont. 456, 31 Pac. 63, the undertaking filed in the court below was not void, and appellants were permitted by this Court to file a new undertaking. In *Morse* v. *Callantine,* 19 Mont. 87, 47 Pac. 635, where there were three appeals, and but one undertaking, in $300, respondent, upon the argument of the merits, contended that the appeals should be dismissed for want of jurisdiction; and it was held that the question of the insufficiency or invalidity of the appeal bond was not properly presented, because not raised by a formal motion to dismiss, distinct from the printed brief on the merits. The intimation there made, that the undertaking would not have been declared void, if attacked in due season and proper mode, was an *obiter dictum,* as was also the suggestion that an undertaking in $300 is sufficient in ap-

pealing from a judgment and from an order other than one made on motion for a new trial. We think it impossible that appellant could have been induced or misled by anything said in the Morse Case into the omission to file the undertaking demanded by the express and plain language of the law, or that she could have been influenced thereby, or that she may justly complain of the present decision as working a supposed retrospective change in appellate practice to her detriment. The statutory provisions regulating the manner of taking and perfecting appeals must be strictly pursued.

The appeals are dismissed.

*Dismissed.*

Brantly, C. J., and Hunt, J., concur.