ROBERT PAYNE, Plaintiff and Appellant, v. MOUNTAIN
STATES TELEPHONE AND TELEGRAPH COMPANY,
a Corporation, Defendant and Respondent.

No. 10623
Decided September 11, 1963.
Submitted on briefs.
385 P.2d 100.

H. B. Landoe, Joseph B. Gary, Bozeman, Arnold Huppert,
Jr., Livingston, for appellant.

Toomey & Hughes, George Bennett, Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

The defendant corporation has moved this court to dismiss the purported appeal taken by the plaintiff.

The plaintiff filed an amended complaint in the district court for Park County alleging that he was employed by a contractor as a flagman on a road construction project. He further alleged that a fellow employee struck defendant's telephone cables thereby pulling down a pole which injured the plaintiff. To this amended complaint defendant interposed a motion to dismiss on the ground that the complaint failed to state a claim upon which relief could be had. On December 26, 1962, having considered written memoranda of counsel, the court entered an order "that said motion to dismiss the complaint on file herein, be, and the same is hereby SUSTAINED, and said complaint is hereby dismissed." On January 8, 1963, the court entered an order for judgment in favor of the defendant. Pursuant thereto, a final judgment was made, entered and filed on the same date.

Plaintiff on May 1, 1963, served and filed a notice of appeal "from the order of the court granting the motion to dismiss the amended complaint on file herein, without leave to amend, given, made and entered on December 26, 1962 * * *." No appeal from the final judgment of January 8, 1963, was taken. The transcript on appeal was filed with this court on July 24, 1963, 84 days after the filing of the notice of appeal.

Defendant in its motion, filed on August 8, 1963, contends: (1) that the order of December 26, 1963, is not an appealable order; (2) that the notice of appeal was served and filed more than sixty days after entry of the order; and (3) that plaintiff is guilty of laches.

We have repeatedly held that an appeal is authorized by statute only, and unless the order falls within the enumeration of appealable orders, the appeal does not lie. See In re Tuohy's Estate, 23 Mont. 305, 58 P. 722; Taintor v. St. John,

50 Mont. 358, 146 P. 939. The applicable statute, section 93-8003, R.C.M.1947, lists the appealable orders. An order granting a motion to dismiss is not included therein.

Following the filing of the motion to dismiss, on August 19, 1963, plaintiff filed a motion for leave to correct notice of appeal, by deleting reference to the lower court's order dismissing the case, and by inserting the words "judgment made and entered on January 8, 1963."

Appellant contends that sections 93-8019 and 93-8021, R.C.M. 1947, permit this court to allow an amendment to a notice of appeal.

Section 93-8019 provides in part that no appeal can be dismissed for any objections to the record or the brief of the appellant, if the cause of such objection is removed to the satisfaction of the court. Section 93-8021 provides that in case of an insufficiency or other defect in the transcript or papers on appeal, the appellant may be allowed to supplement or correct the same on such terms as the court may determine.

In our view, these statutes do not have reference to the notice of appeal which is jurisdictional. In such cases as Creek v. Bozeman Water Works Co., 22 Mont. 327, 56 P. 362, and In re Malick's Estate, 124 Mont. 585, 228 P.2d 963, we have held that the appellant is charged with the duty of perfecting his appeal in the manner and within the time provided by law and unless such mandatory statutory provisions are complied with this court acquires no jurisdiction to entertain and determine the appeal. We are of the opinion that the "amending provisions" contained in sections 93-8019 and 93-8021 apply only when this court has acquired jurisdiction. Were it otherwise, our mandatory provisions regarding appellate procedure would be meaningless.

It should be noted here that this motion is not directed to correcting the record on appeal to reflect the true record of the district court proceedings by furnishing portions omitted by inadvertent mistake, correcting typographical errors therein,

supplementing a defective or insufficient record on appeal, or correcting obvious errors in the district court record, but the motion is an effort to change in this court a notice of appeal previously filed in the district court as the basis of the appeal and the net result of which would not be to correct but to change the import and meaning of the district court record.

Therefore, we hold that amendment of a notice of appeal by this court, after the statutory period has run, is not possible. The motion for leave to correct the notice is denied.

Turning then to the motion to dismiss the appeal. A motion to dismiss in a district court under Rule 12, M.R.Civ.P. is equivalent under our present procedure to a demurrer under our former procedure, the use of demurrers having been abolished by rule 7, M.R.Civ.P.

This court has consistently held that an order sustaining a demurrer to the complaint was not an appealable order. See Pentz v. Corscadden, 49 Mont. 581, 144 P. 157; Heater v. Boston & Montana Corp., 84 Mont. 500, 277 P. 11.

For these reasons the motion to dismiss this appeal is well-taken and is hereby granted. The appeal is dismissed.

MR. JUSTICES CASTLES, JOHN CONWAY HARRISON, ADAIR and DOYLE, concur.