No. 13866

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

FIRST NATIONAL BANK OF LEWISTOWN,
a National Banking Corporation,

Plaintiff and Respondent,

-vs-

PHILIP K. FRY and PATRICIA A. FRY, et al.,

Defendants and Appellants,

CULLIGAN INTERNATIONAL COMPANY, a corporation,

Third Party Plaintiff and Respondent,

-vs-

PHILIP K. FRY  and PATRICIA A. FRY, et al.,

Third Party Defendants.

---

Appeal from:  District Court of the Tenth Judicial District,
Honorable LeRoy L. McKinn, Judge presiding.

Counsel of Record:

For Appellants:

D. Frank Kampfe, Red Lodge, Montana
Gilbert Burdette argued, Red Lodge, Montana

For Respondents:

Peter L. Rapkoch argued, Lewistown, Montana
Bradley B. Parrish, Lewistown, Montana

---

Submitted:  January 23, 1978

Decided: MAR - 6 1978

Filed: MAR - 6 1978

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an action of foreclosure of mortgage.

Notice of entry of judgment for plaintiff was filed February 9, 1977, in the District Court, Fergus County. On April 11, 1977, defendants moved the trial court to vacate and set aside a portion of the judgment. This is a motion under Rule 52, M.R.Civ.P.,and must be made within 10 days after service of notice of entry of judgment, as stated in the Rule:

> "(b) Amendment. Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. * * *"

The motion here was made 46 days beyond the authority of Rule 52. Since it was not timely made, it did not suspend the running of time within which the defendants are permitted to file their appeal under Rule 5, M.R.App.Civ.P., which states:

> "The time within which an appeal from a judgment or an order must be taken shall be 30 days from the entry thereof, except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment * * *."

The rule is subject to other exceptions that do not apply here, such as when the state of Montana is a party. This case does come under Rule 77(d), M.R.Civ.P., and hence a notice of appeal was mandatory within 30 days from filing of notice of entry of judgment. A notice of appeal filed after the 30 day period fails to vest jurisdiction in this Court and this appeal must be dismissed.

Defendant, for the first time on this appeal, argues that his April 11, 1977 motion to vacate was filed and heard pursuant

to Rule 60, M.R.Civ.P. There is no evidence in the record that defendant ever intended to proceed under Rule 60. However, had this been the case and the motion properly pleaded under the provisions of Rule 60(a) or (b), the time limitation mandatory under these sections is found in Rule 60(c), as amended July 1, 1969. This section of the rule provides that the time limitations in Rule 59, M.R.Civ.P., for motions to alter or amend judgments will be followed. Rule 59(g), M.R.Civ.P., provides:

> "A motion to alter or amend the judgment shall be served not later than 10 days after the service of the notice of the entry of the judgment * * *."

This Court lacking jurisdiction to hear this appeal, hereby orders the appeal dismissed.

_____
Justice

We Concur:

_____
Acting Chief Justice

_____

_____
Justices.

_____
Hon. Robert Boyd, District Judge, sitting.

- 3 -