GERALD R. SNYDER AND CAROL D. SNYDER, PLAINTIFFS AND
RESONDENTS, *v.* ROY A. GOMMENGINGER AND MARGARET
N. GOMMENGINGER, DEFENDANTS AND APPELLANTS.

No. 14845.
Aug. 3, 1979.
600 P.2d 171.

James D. Moore, Kalispell, for defendants and appellants.
Robert S. Keller, Kalispell, for plaintiffs and respondents.

## OPINION AND ORDER

MR. JUSTICE SHEEHY delivered the opinion of the Court.

Appellants appeal from judgment entered by the District Court on December 19, 1978 and from that court's order of May 23, 1979, denying appellants motion to amend findings of fact and conclusions of law. The chronology of events is as follows:

1. Respondents filed their complaint on November 9, 1978 which was duly served on the appellants on November 19, 1978.

2. Appellants did not make an appearance or answer in the District Court within the twenty days allowed by law or thereafter before December 18, 1978 when an application for entry of default judgment was filed by plaintiffs. Such judgment was entered in favor of the respondents on December 19, 1978.

3. No notice of entry of judgment was served on the appellants, and such service is not required by Rule 77(d), Mont.R.Civ.P.

4. Pursuant to Rule 60(b)(6), Mont.R.Civ.P., appellants filed a motion to vacate and set aside the default judgment on March 1, 1979.

5. On April 18, 1979, the District Court entered its findings of fact and conclusions of law and an order denying appellants motion to vacate and set aside the default judgment.

6. On May 1, 1979, appellants filed objections to the District Court's findings of fact and conclusions of law.

7. The District Court treated these objections as a motion to amend findings of fact and conclusions of law and denied the same on May 23, 1979.

8. On June 1, 1979, appellants filed a notice of appeal from the default judgment of December 12, 1978.

9. On July 3, 1979, respondents filed in this Court a motion to dismiss the appeal on the ground that the notice of appeal was not timely filed.

10. On July 17, 1979, this Court issued an order granting appellants ten days to show cause why this appeal should not be dismissed.

11. On July 19, 1979, the appellants filed a motion for leave to amend their notice of appeal by inserting therein the District Court's order of May 23, 1979.

12. On July 30, 1979, the appellants filed a second motion for leave to file an amended notice of appeal again requesting to insert therein the District Court's order of May 23, 1979.

The record herein demonstrates that the appellants first notice of appeal filed on June 1, 1979 is defective. It was not timely filed pursuant to Rule 5, Mont.R.App.Civ.P.

This opinion is controlled by *Payne v. Mountain States Tel. and Tel. Company* (1963), 142 Mont. 406, 385 P.2d 100, wherein we stated as follows:

"In our view, these statutes do not have reference to the notice of appeal which is jurisdictional. In such cases as *Creek v. Bozeman Water Works Co.*, 22 Mont. 327, 56 P. 362, and *In re Malick's Estate*, 124 Mont. 585, 228 P.2d 963, we have held that the appellant is charged with the duty of perfecting his appeal in the manner and within the time provided by law and unless such mandatory statutory provisions are complied with this court acquires no jurisdiction to entertain and determine the appeal. We are of the opinion that the 'amending provisions' contained in sections 93-8019 and 93-8021 apply only when this court has acquired jurisdiction. Were it otherwise, our mandatory provisions regarding appellate procedure would be meaningless." 142 Mont. at 408, 385 P.2d at 102.

THEREFORE, IT IS HEREBY ORDERED that this appeal be dismissed as not having been timely filed pursuant to Rule 5, Mont.R.App.Civ.P. and that the Clerk is directed to mail a true copy of this opinion and order to counsel of record for both parties.

MR. CHIEF JUSTICE HASWELL and MR. JUSTICE HARRISON concur.