No. 80-182

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

F. W. WOOLWORTH COMPANY, INC.,
a New York Corporation,

Petitioner and Appellant,

vs.

EMPLOYMENT SECURITY DIVISION OF THE
MONTANA STATE DEPARTMENT OF LABOR AND
INDUSTRY et al.,

Respondents.

No. 80-183

J. C. PENNEY COMPANY, INC., a
Delaware Corporation,

Petitioner and Appellant,

vs.

EMPLOYMENT SECURITY DIVISION OF THE
MONTANA STATE DEPARTMENT OF LABOR AND
INDUSTRY et al.,

Respondents.

Appeal from:  District Court of the Twelfth Judicial District,
              In and for the County of Hill.
              Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellants:

        Poore, Roth, Robischon and Robinson, Butte, Montana
        Donald Robertson argued and Douglas A. Buxbaum argued,
         Butte, Montana

    For Respondents:

        Robert J. Campbell argued, Helena, Montana

    For Intervenor:

        D. Patrick McKittrick argued, Great Falls, Montana

Submitted:  March 27, 1981

Decided:  May 6, 1981

Filed: MAY - 6 1981

_Thomas J. Kearney_

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

F.W. Woolworth Co., Inc., and J.C. Penney Company, Inc., appeal from a summary judgment of the District Court for the Twelfth Judicial District. The appeals originate from claims filed July 18, 1976, by members of retail clerks' union, local no. 57, for unemployment benefits claimed during a strike.

The issue during the administrative process was whether a work stoppage occurred under section 39-51-2305, MCA. Benefits are denied during a period of strike if unemployment results from a "stoppage of work" existing because of the labor dispute. A deputy of the Employment Security Division (Division) of the Montana State Department of Labor and Industry found the claimants to be disqualified from benefits. Claiming strikers then brought appeal before an appeals referee of the Employment Security Division of the Department. The referee sustained denial of benefits. Claimants then appealed to the Board of Labor Appeals (Board) which reversed the referee and held claimants were entitled to unemployment compensation benefits.

The Board of Labor Appeals served notice of its decision on January 10, 1978. On February 3, 1978, appellants filed petitions for review with the District Court of the Twelfth Judicial District. The petitions named as respondents, the Board of Labor Appeals, Montana State Department of Labor and Industry and the members of the Board. Following a motion to dismiss the petition, the appellants and counsel for the Employment Security Division entered into a stipulation to substitute the Employment Security Division of the Montana State Department of Labor and Industry for the Board

of Labor Appeals. This stipulation was followed by a court order accomplishing such substitution.

Neither the individual claimants nor the union were made parties to the review sought in District Court. Appellants, at time service was made upon the Board of Labor Appeals, did not provide sufficient copies to serve all persons whom might have been made parties.

On March 20, 1978, the union moved to intervene in the proceedings. The answer alleged that the District Court had no jurisdiction because appellants had not joined the proper parties as designated by statute. Intervention was granted and thereafter both appellants and intervenor moved for summary judgment. The lower court concluded that failure to name all parties, together with failure to provide a sufficient number of copies of the petition for service upon all parties, were fatal jurisdictional flaws. Appellants' petitions for review were dismissed, and this appeal follows.

The controlling statute is section 39-51-2410, MCA, which provides in pertinent part as follows:

"(1) Any decision of the board in the absence of an appeal therefrom as herein provided shall become final 30 days after the date of notification or mailing thereof . . . The division shall be deemed to be a party to any judicial action involving any such decision and may be represented in any such action by an attorney employed by the division or at the division's request, by the attorney general.

"(2) Within 30 days after the date of notification or mailing of the decision of the board, any party aggrieved thereby may secure judicial review thereof by commencing an action in the district court of the county in which said party resides and in which action any other party to the proceeding before the board shall be made a defendant. In such action a petition, which need not be verified but which shall state the grounds upon which a review is sought, shall be served upon the administrator of the division or the administrator's designee and such service shall be deemed completed service on all parties, but there shall be left with the party so served as many copies of the petition as there are defendants and the division shall forthwith mail one such copy to each such defendant."

Appellants made the Board of Labor Appeals of the Department a party instead of the Employment Security Division of the same Department. Prior to July 1, 1977, the Board was the proper party, section 87-108(2)(c) and (d), R.C.M., 1947, but on that date an amendment became effective which designated the Division as the proper party.

The above quoted statute requires that in addition to the Division, any parties to the Board proceeding shall be made defendants. Though the claiming strikers were parties to the Board decision they were not named in the petition seeking review in the District Court.

The issues presented in this appeal are: (1) Whether the petition for review "commenced" an action within the meaning of section 39-51-2410, MCA, when the Board of Labor Appeals was named as a party instead of the Employment Security Division. (2) Whether intervention by the union conferred jurisdiction over the individual claimants. (3) Whether, if intervention did not confer jurisdiction, the District Court can add parties after the 30-day period has run. (4) Whether review could be had against the Employment Security Division in the absence of the individual claimants.

Respondent urges us to find appellants' timely filing void because the wrong party in the Department of Labor and Industry was originally named. Respondent contends that this technical approach is necessary to honor the literal statutory requirements for judicial review. We feel that to hold such a technical error defeated jurisdiction would be unconscionable elevation of form over substance.

The position of respondent would be more sound if the Employment Security Division were a stranger to the Board of Labor Appeals. Of course, they are not. They are each

housed within the same department of state government. The only entity is the State of Montana. Within the Department of Labor and Industry of that state government are located doors designated Board of Labor Appeals and Employment Security Division. The legislature determines which personnel can best deal with process. In point of fact, both the Board of Labor Appeals and the Employment Security Division were represented by the same counsel, Moody Brickett. Brickett filed a motion to dismiss the petition for review in District Court appearing as counsel for the Board of Labor Appeals. The same Brickett entered into a stipulation on behalf of the Employment Security Division to substitute that Division as a party in place of the Board of Labor Appeals. Brickett further filed an answer on behalf of the Employment Security Division.

Professor Moore articulates the need for avoiding hypertechnical judicial approaches:

> "As the Advisory Committee commented, hardships arising from mechanical applications of the Rules had arisen most acutely in suits by private parties against officers or agencies of the United States . . . where the claimants' need is often great, the applicable statutes or limitations relatively short, and choice of the proper individual defendant, who appears only as an official representative, is largely formal. With the potential for technical pleading errors growing along with the size and complexity of the bureaucracy itself, it was important to set up a definite, generous standard for handling relation-back of corrective amendments . . . these amendments to Rule 15 alleviate difficulties in commencing or continuing an action against a federal officer or agency . . ." Moore's Federal Practice, Vol. 3, ¶15.15[4.2], pages 15-233, 234. (Emphasis added.)

If this Court were to hold that appellants failed to name an adverse party under these circumstances, we would place Montana outside the philosophy of modern legal practice. Justice Benjamin Cardozo said, ". . . The law has outgrown its primitive stage of formalism when the precise word was

the sovereign talisman, and every slip was fatal. It takes a broader view today . . ." Wood v. Lucy, Lady Duff-Gordon (1917), 222 N.Y. 88, 91, 118 N.E. 214, 214. The spirit of Cardozo lives in our procedural rules. We hold that the technical error was not fatal.

It should also be noted that section 39-51-2410(1), MCA, states that the Division shall be deemed a party for judicial review. This occurs automatically by virtue of the statute so that it is a party whether or not named. Subsection (2) of that statute states that all parties to the Board proceeding shall be made parties to judicial review by the aggrieved party. The Division is not a party before the Board but becomes a party, for purposes of judicial review, by operation of law.

The Employment Security Division itself consented to replace the misnamed Board of Labor Appeals. Under Rule 15(c), M.R.Civ.P., the amendment to the petition for judicial review related back.

We must confront the remaining questions in this appeal. Can unnamed parties be added after 30 days? Can this appeal proceed without those parties?

Appellants argue that intervention by the union conferred jurisdiction. It did not. The answer raised lack of jurisdiction. The question presented is: Where a court acquires jurisdiction over one party to an appeal, can other parties be later added?

Appellants argue the applicability of Rule 21, M.R.Civ.P., which provides that parties may be added or dropped at any stage of the proceeding. This rule presupposes in personam jurisdiction. The rule does not confer that jurisdiction.

Under section 39-51-2410, MCA, the decision of the Board became final as to claimants 30 days after notification

of the decision. The District Court thereafter had no jurisdiction over claimants and could acquire none.

The parties to the proceeding before the Board of Labor Appeals have separate and distinct identities. An appeal against one cannot affect the lower court's finding in favor of another against whom no appeal is taken. Surely, if five plaintiffs recover damage awards against a defendant, and that defendant timely appeals to the Supreme Court against only one, the remaining four cannot be added after expiration of time for filing a notice of appeal. Likewise, the individual claimants, against whom no review was timely sought, cannot later be added.

If the presence of these absent claimants is indispensable to review, then appellants' petition must be dismissed. Provident Tradesmen B & T Co. v. Lumbermans Mut. Cas. Co. (3rd Cir. 1966), 365 F.2d 802. Oral argument developed that claimants have been paid all benefits to which they are entitled by virtue of the Board decision. Appellants' petition for review seeks (1) a legal determination that there was a "work stoppage" and (2) reinstatement of the decision of the appeals referee. The presence of claimants would, of course, be necessary to any finding which could prejudice their previously paid benefits. Hanson v. Denckla (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. However, these same parties are not indispensable to a determination of the legal questions involved.

Section 39-51-2410(2), MCA, requires that all parties to the Board proceeding be made parties for purposes of review. This requirement presupposes issues on judicial review which could affect those parties. Under this holding, claimants' benefits cannot adversely be affected and, there-

fore, claimants are not indispensable to a review of the legal questions by the District Court.

A determination of the work stoppage issue under the facts of this case is important to the parties which remain in the review proceeding. The Employment Security Division filed an answer in the District Court denying petitioner's alleged "work stoppage" and asking that the decision of the Board of Labor Appeals be upheld. There is a sufficient justiciable controversy between appellants and the Employment Security Division to allow the review to go forward.

We have rendered moot the question of service of copies. Sufficient copies were provided for service upon the Employment Security Division which is the only adverse party to appellant remaining in the judicial proceeding.

We hold that the District Court may review the legal question of whether there was a "work stoppage" within the meaning of section 39-51-2410, MCA. The District Court can make no determination which could in any way jeopardize the benefits previously paid to claimants.

We remand the case to the District Court for such hearing as is necessary to determine whether there was a work stoppage.

_____
Justice

We concur:

_____
Chief Justice

_____
Justice

_____

Daniel J Shea
_____


_____


_____
                Justices

Mr. Justice John C. Sheehy concurring and dissenting:

I agree that the District Court acquired no jurisdiction. I disagree there is anything left in the case to litigate on remand.

My careful reading of the majority opinion does not disclose clearly what the majority is up to. The apparent result, which may seem preposterous, is that the cause is remanded to the District Court on the issue of work stoppage without an adversary party, the claimants. Moreover, the work stoppage issue on remand is to be litigated between the agency on the one side and the appellants on the other. Yet, these two parties, at all stages subject to review, agreed that a work stoppage due to a labor dispute had occurred. The agency twice has held against the claimants on that issue. There is no dispute between the appellants and the agency to litigate on remand.

In addition, the issues stated and discussed in the majority opinion are not precisely the issues that were raised by the appellants in their briefs and oral argument. This is true particularly of the majority opinion's fourth issue: whether review could be had against the Employment Security Division (Division) in the absence of the individual claimants. This issue, if it is an issue, arises because of an untutored answer made by appellants' counsel to a question posed by a justice during the oral argument of this cause. When counsel was asked if he was seeking to continue the case against the Division, counsel replied that litigation against the Division might help with respect to the retrospective rating of the appellants on their unemployment compensation contributions. That answer was incorrect since the claimants here already received their benefits, and the payment of

-10-

those benefits determines the appellants "experience factor" and are now chargeable to the appellants' accounts. Section 39-51-1215, MCA.

Because the issues raised and discussed in the majority opinion differ from those raised in the appellants' briefs, it is worthwhile to discuss the appellants' issues here.

The issues raised by the appellants are:

1. Whether the District Court had jurisdiction to review the actions of the Board of Labor Appeals (Board);

2. Whether the intervening union had standing to move to dismiss the petitioner's appeals;

3. Whether the District Court abused its discretion by failing to relax the statutory directives on appeal in this instance.

The appellants contend that the District Court erred in misinterpreting section 39-51-2410, MCA, the judicial review statute, quoted above in the court's memorandum. They contend that by "commencing an action" for review, the District Court became vested with jurisdiction. They emphasize the language of the review statute that "any party may secure review by commencing an action" within 30 days of a Board decision. Appellants argue the statute's requirement that the unemployment compensation claimants be named as respondents in the review petition is not a jurisdiction requisite but only procedural. They argue the claimant strikers can be made party defendants under the joinder provisions of the Montana Rules of Civil Procedure. They cite cases decided by United States Supreme Court to indicate that a reviewing court must be presented with clear and convincing evidence of no jurisdiction to justify a dismissal of a review petition on jurisdiction grounds. See, Abbott

-11-

Laboratories v. Gardner (1967), 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681. The appellants contend that a timely petition was filed in the District Court; that judicial review is favored in this instance and that joinder of claimants or intervenor is possible under Rules 19 and 21, M.R.Civ.P.

On the other hand, the union argues that the District Court had no choice but to dismiss for lack of jurisdiction. It contends that the failure to name and serve the claimants with a copy of the petition constitutes a failure by appellants to assert the District Court's jurisdiction over the claimants. It asserts that failure to join the claimants as indispensable parties in an action for review of an agency proceeding requires dismissal. Cissell v. Colorado State Bd. of Assessment App. (1977), 38 Colo.App. 560, 564 P.2d 124. The union further argues that the appellants may not now amend their review petition to add the claimants as parties because the 30-day time limit for naming claimants as respondents has expired.

The major issue here is whether the District Court had jurisdiction to review the decisions of the Board. The District Court held that the statutorily-imposed conditions for jurisdiction were not satisfied by petitioning parties, and therefore, the court had no power to review the agency's decisions. The court was correct.

Jurisdiction should not be assumed lightly. The enablement of the District Courts to adjudicate controversies is delimited by the sovereign grant of power to the courts found in our state constitution and in statutory law. "Jurisdiction" means the right and authority of a court to adjudicate the subject matter of the case and to make binding decisions

-12-

thereon. State v. Bonner (1950), 123 Mont. 414, 214 P.2d 747. The essential elements of jurisdiction are that the court have authority to take cognizance of the class of cases to which the adjudged case belongs; that proper parties be present, and that the point decided be within the issue presented. Deich v. Deich (1958), 136 Mont. 566, 323 P.2d 35. In that sense, courts are mere creations and instruments of the law; independent of the law, they have no adjudicatory existence. The law precedes and governs a court. Bond v. Birk (1952), 126 Mont. 250, 247 P.2d 199.

The 1972 Mont. Const., Art. VII, § 4, provides that the legislature may provide for a direct review by District Courts of decisions of administrative agencies. Section 39-51-2410, MCA, was enacted under that constitutional grant, and operates to give statutory power to District Courts to hear cases of the nature involved here. The District Court here has the judicial power to adjucate such petitions for review. Without such statutory grant, the District Court would be without subject matter jurisdiction, which even consent could not confer. Stanton Trust & Savings Bank v. Johnson (1937), 104 Mont. 235, 65 P.2d 1188.

A court having jurisdiction of the subject matter must further acquire jurisdiction of the parties. Jurisdiction of the court over persons may be compelled by the plaintiff's (or petitioner's) action or may be voluntarily conferred by the defendant's (or respondent's) consent and submission to the court. Haggarty v. Sherburne Mercantile Co. (1947), 120 Mont. 386, 186 P.2d 884.

The power to review decisions of the Board is governed by the particular provisions of section 39-51-2410, MCA, which must be followed in seeking review, especially those

-13-

particulars which are jurisdictional or mandatory. This means that in seeking judicial review by commencing an action, "any other party to the proceeding before the Board shall be made a defendant" is a jurisdictional element. This is consistent with the ordinary perception of jurisdiction not only of this Court, but all courts.

We would not contend, in these days of omnipresent office copying machines, the failure to provide the Board with enough copies of the petition to serve all the defendants is essential, but any fair reading of section 39-51-2410(2), MCA, must lead to the conclusion that making "any other party" a defendant to the action before the Board is a mandatory elemental step to secure the right of review.

As we have noted, one of the elements of jurisdiction is the power to make binding orders over proper parties present and subject to the court. Here, the unemployment compensation benefits claimants, the employees, were not before the District Court. The appellants could have compelled their submission to the power of the District Court, on review, by naming them as respondents under section 39-51-2410, MCA, but did not do so. The claimants have not consented to the jurisdiction of the District Court. Therefore, the District Court further lacked jurisdiction of the claimants, the very persons the adjudication was bound to affect.

The appellants next contend that the intervenor union lacked standing to raise the jurisdiction defense. They contend that the intervenor must accept all prior court orders at the time of intervention, which in this case, included the stipulation between the appellants and the Division providing that issuance and service of process upon the Division had been made pursuant to the judicial review statute. Appellants

-14-

also contend that the intervention by the union constituted a general appearance which cured any jurisdiction defect in their failing to name the claimants as party defendants to the action for review.

As the first caption of the petitions for review disclose, the appellants did not make the intervenor or the claimants parties to the actions; nor in fact did the appellants make the Division a party to the action. The answers to the appellants' contentions regarding the union's standing to raise the jurisdiction issue lie to some extent in our foregoing discussion of the elements of jurisdiction. At the time that the order for intervention was granted, the District Court was without jurisdiction because the procedural steps necessary to vest the District Court with jurisdiction to review had not been followed. A party contesting jurisdiction may do so under our rules without filing a special appearance. With regard to _in personam_ jurisdiction, we stated in Knoepke v. Southwestern Ry. Co. (1980), ___ Mont. ___, 620 P.2d 1185, 37 St.Rep. 1910, the following:

> "If a party to a lawsuit plans to appear in court to attack the court's personal jurisdiction, a special appearance of the party, as opposed to a general appearance, is no longer required. Rule 12, M.R.Civ.P., abolished the distinction between special and general appearances. Following service of process a party can attack the court's personal jurisdiction simply by raising the jurisdiction issue in an initial response to plaintiff's claim by motion before answering the claim or in an answer to the claim. If the party's initial response to the opponent's claim raises a personal jurisdiction issue, then the party is not subject to the general power of the court solely because of the response. See, 2A Moore's Federal Practice ¶ 12.12."

In its initial response to the petition for review, the union, by means of affirmative defenses, raised the jurisdiction issue. It did not waive the right to raise such an

issue by moving to intervene in the action, or securing an order permitting intervention. The stipulation entered into between the Division and the appellants, and the court order approving that stipulation, which affected only the Division, was not in any way binding on either the union or the claimants who were not parties to the stipulation. Neither the stipulation nor the court order approving the same cured the jurisdiction defect that the elemental procedures required under section 39-51-2410, MCA, had not been followed.

The third issue raised by appellants is that the District Court abused its discretion by failing to relax the statutory directives necessary to perfect the appeals in this instance.

The appellants did not, by raising this issue admit the propriety of the summary judgments by the District Court, but raised the issue _arguendo_.

The appellants submit that section 39-51-2410, MCA, grants them the right to an appellate review and that the District Court should have considered the willfulness and the extent of the Rules violation and the possible injustice that might result from the summary judgment order. The appellants further contend that although this Court has not yet considered the relaxation of such judicial review requirements in an administrative setting, this Court has consistently exercised its inherent judicial discretion to relax jurisdiction requirements in appeals from the District Courts to the Supreme Court.

In support of the contention on relaxation of rules for appeals the appellants cite State ex rel. Helena Adjustment Company v. District Court of Lewis and Clark County (1932), 92 Mont. 587, 19 P.2d 226; Krause v. Insurance Co. of North America (1925), 73 Mont. 169, 235 P. 406; Lewis v. Lambros

(1922), 65 Mont. 366, 211 P. 212; and Stephens v. Conley (1914), 48 Mont. 352, 138 P. 189.

In those cases will be found language that does indicate support for the claim of the appellants. For example, in Stephens v. Conley, supra, this Court stated that a notice of appeal does not serve any higher purpose than a summons, and its entire absence can be waived. In Krause v. Insurance Company of North America, supra, it was held that substantial compliance with appeals statutes is all that is required; moreover, the law favors the right of appeal.

It should be recognized by practitioners in this State, particularly since the adoption of the Montana Rules of Appellate Civil Procedure in 1965, that this Court has strongly stated that a timely filing of a notice of appeal is mandatory to vest this Court with jurisdiction. Rule 4(a), M.R.App.Civ.P. provides:

> "(a) Filing the notice of appeal. An appeal shall be taken by filing a notice of appeal in the district court. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the supreme court deems appropriate, which may include dismissal of the appeal."

In recent years, we have regarded the taking of that step, the timely filing of a notice of appeal, as the sine qua non to our jurisdiction. We have dismissed appeals where the notice of appeal has not been timely filed. See, Snyder v. Gommenginger (1979), ___ Mont. ___, 600 P.2d 171, 36 St.Rep. 1426; Flathead Hay Cubing, Inc. v. Moore (1978), ___ Mont. ___, ____P.2d ___, 35 St.Rep. 1260; First Nat. Bank of Lewistown v. Fry, (1978), ____ Mont. ___, 575 P.2d 1325, 35 St.Rep. 276; Zell v. Zell (1977), 172 Mont. 496, 565 P.2d 311. In Snyder, we quoted from Payne v. Mountain

-17-

States Tel. and Tel. Company (1963), 142 Mont. 406, 385 P.2d 100, to the following effect:

> "In our view, these statutes do not have reference to the notice of appeal which is jurisdictional. In such cases as Creek v. Bozeman Water Works Co., 22 Mont. 327, 56 P. 362, and In Re Malick's Estate, 124 Mont. 585, 228 P.2d 963, we have held that the appellant is charged with the duty of perfecting his appeal in the manner and within the time provided by law and unless such mandatory statutory provisions are complied with this court acquires no jurisdiction to entertain and determine the appeal. We are of the opinion that the 'amending provisions' contained in sections 93-8019 and 93-8021 apply only when this court has acquired jurisdiction. Were it otherwise, our mandatory provisions regarding appellate procedure would be meaningless."

(Sections 83-8019 and 93-8021, R.C.M. 1947, above referred to, were superseded by the adoption of the Montana Rules of Appellate Civil Procedure in 1965. Those sections related to defects in the record which could be cured by an amendment following the notice of appeal, under the former statutory appellate practice.)

In a recent case involving the perfection of an appeal to the District Court from an administrative agency, Rierson v. State (1980), ___ Mont. ___, 614 P.2d 1020, 37 St.Rep. 627, we had before us an appeal from an administrative agency under the general provision for judicial review from administrative agencies, section 2-4-702, MCA. That statute provides that in seeking review, the party must file a petition in the District Court within 30 days from the service of the final decision of the agency and it further provides that "copies of the petition shall be promptly served upon the agency and all parties of record." In Rierson, the decision hinged upon whether Rierson had "promptly" served copies of his petition for review. The decision of the majority of this Court against Rierson was based largely

-18-

upon his laches in not serving the copy of the petition for review promptly, but inherent in the decision of the court is the sense that compliance with the review provisions necessary to vest jurisdiction in the District Court is mandatory.

The appellants contend that under Rule 61, M.R. Civ.P., the court had the power to disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. Appellants argue that since the union intervened, and was before the District Court, no substantial prejudice resulted to the unnamed parties arising out of the failure to name them as party defendants and so the District Court in the exercise of its discretion could disregard defects in the steps taken by the appellants to seek judicial review. The appellants also contend that the court could have required the joinder of the unnamed parties under Rule 19, M.R.Civ.P., and that the pleadings thereafter could relate back to the commencement of the action under Rule 15(c), M.R.Civ.P.

The appellants cite Professor Moore's treatise with respect to the reasonableness of the relation-back of corrective amendments under Rule 15. 3 Moore's Federal Practice, ¶ 15.15[4.1]. We disagree.

This is a case where we must put aside our personal inclinations respecting our preference for decisions on the merits, in the interest of consistency with respect to previous decisions regarding appellate jurisdiction both from District Courts to this Court, and from administrative agencies to the District Courts. When statutes provide for review from an administrative agency, or from a lower court, and set forth the procedures necessary to obtain such review; including the

essential steps with respect to the notice to be given, the time for such notice and the parties to be named or served; the statutory procedure constitutes jurisdiction guides which must be followed to vest authority in the reviewing or appellate tribunal. Indeed, the presence of the requirements in the statutes gives us no other choice, because it is only by virtue of statutes that the appellate adjudicatory power or reviewing power vests in the other tribunal, as we have indicated foregoing in our discussion of jurisdiction.

The District Court in these cases, after examining carefully the defects in the procedure taken for review, as is shown from its memorandum aforementioned, had no discretion to overlook the defects. The court had no jurisdiction to act, and no discretion to waive the jurisdiction defects.

My final observation is that the Division may be surprised to find itself still in the case on remand to the District Court. On September 29, 1980, it had filed its written notice with this Court that it was not taking a position on the jurisdiction dispute between the appellants and the intervenor union, and that it would continue in such position and not submit a brief on the jurisdiction question presented here.

I would affirm the dismissal by the District Court of the petitions for review.

_____
John Le Sheehy
Justice

-20-

We concur in the foregoing concurring and dissenting opinion.

_____
Chief Justice

_____
Justice