MR. JUSTICE SHEEHY
concurring and dissenting:
I agree that the District Court acquired no jurisdiction. I disagree there is anything left in the case to litigate on remand.
My careful reading of the majority opinon does not disclose clearly what the majority is up to. The apparent result, which may seem preposterous, is that the cause is remanded to the District Court on the issue of work stoppage without an adversary party, the claimants. Moreover, the work stoppage issue on remand is to be litigated between the agency on the one side and the appellants on the other. Yet, these two parties, at all stages subject to review, agreed that a work stoppage due to a labor dispute had occurred. *297 The agency twice has held against the claimants on that issue. There is no dispute between the appellants and the agency to litigate on remand.
In addition, the issues stated and discussed in the majority opinion are not precisely the issues that were raised by the appellants in their briefs and oral argument. This is true particularly of the majority opinion’s fourth issue: whether review could be had against the Employment Security Division (Division) in the absence of the individual claimants. This issue, if it is an issue, arises because of an untutored answer made by appellants’ counsel to a question posed by a justice during the oral argument of this cause.When counsel was asked if he was seeking to continue the case against the Division, counsel replied that litigation against the Division might help with respect to the retrospective rating of the appellants on their unemployment compensation contributions. That answer was incorrect since the claimants here already received their benefits, and the payment of those benefits determines the appellants “experience factor”' and are now chargeable to the appellants’ accounts. Section 39-51-1215, MCA.
Because the issues raised and discussed in the majority opinion differ from those raised in the appellants’ briefs, it is worthwhile to discuss the appellants’ issues here.
The issues raised by the appellants are:
1. Whether the District Court had jurisdiction to review the actions of the Board of Labor Appeals (Board);
2. Whether the intervening union had standing to move to dismiss the petitioner’s appeals;
3. Whether the District Court abused its discretion by failing to relax the statutory directives on appeal in this instance.
The appellants contend that the District Court erred in misinterpreting section 39-51-2410, MCA, the judicial review statute, quoted above in the court’s memorandum. They contend that by “commencing an action” for review, the District Court became vested with jurisdiction. They emphasize the language of the review statute that “any party may secure review by commencing *298 an action” within 30 days of a Board decision. Appellants argue the statute’s requirement that the unemployment compensation claimants be named as respondents in the review petition is not a jurisdiction requisite but only procedural. They argue the claimant strikers can be made party defendants under the joinder provisions of the Montana Rules of Civil Procedure. They cite cases decided by United States Supreme Court to indicate that a reviewing court must be presented with clear and convincing evidence of no jurisdiction to justify a dismissal of a review petition on jurisdiction grounds. See, Abbott Laboratories v. Gardner (1967), 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681. The appellants contend that a timely petition was filed in the District Court; that judicial review is favored in this instance and that joinder of claimants or intervenor is possible under Rules 19 and 21, M.R.Civ.P.
On the other hand, the union argues that the District Court had no choice but to dismiss for lack of jurisdiction. It contends that the failure to name and serve the claimants with a copy of the petition constitutes a failure by appellants to assert the District Court’s jurisdiction over the claimants. It asserts that failure to join the claimants as indispensable parties in an action for review of an agency proceeding requires dismissal. Cissell v. Colorado State Bd. of Assessment App. (1977), 38 Colo.App. 560, 564 P.2d 124. The union further argues that the appellants may not now amend their review petition to add the claimants as parties because the 30-day time limit for naming claimants as respondents has expired.
The major issue here is whether the District Court had jurisdiction to review the decisions of the Board. The District Court held that the statutorily-imposed conditions for jurisdiction were not satisfied by petitioning parties, and therefore, the court had no power to review the agency’s decisions. The court was correct.
Jurisdiction should not be assumed lightly. The enablement of the District Courts to adjudicate controversies is delimited by the sovereign grant of power to the courts found in our state constitution and in statutory law. “Jurisdiction” means the right and authority of a court to adjudicate the subject matter of the case and *299 to make binding decisions thereon. State v. Bonner (1950), 123 Mont. 414, 214 P.2d 747. The essential elements of jurisdiction are that the court have authority to take cognizance of the class of cases to which the adjudged case belongs; that proper parties be present, and that the point decided be within the issue presented. Deich v. Deich (1958), 136 Mont. 566, 323 P.2d 35. In that sense, courts are mere creations and instruments of the law; independent of the law, they have no adjudicatory existence. The law precedes and governs a court. Bond v. Birk (1952), 126 Mont. 250, 247 P.2d 199.
The 1972 Mont. Const., Art. VII, § 4, provides that the legislature may provide for a direct review by District Courts of decisions of administrative agencies. Section 39-51-2410, MCA, was enacted under that constitutional grant, and operates to give statutory power to District Courts to hear cases of the nature involved here. The District Court here has the judicial power to adjudicate such petitions for review. Without such statutory grant, the District Court would be without subject matter jurisdiction, which even consent could not confer. Stanton Trust & Savings Bank v. Johnson (1937), 104 Mont. 235, 65 P.2d 1188.
A court having jurisdiction of the subject matter must further acquire jurisdiction of the parties. Jurisdiction of the court over persons may be compelled by the plaintiff’s (or petitioner’s) action or may be voluntarily conferred by the defendant’s (or respondent’s) consent and submission to the court. Haggarty v. Sherburne Mercantile Co. (1947), 120 Mont. 386, 186 P.2d 884.
The power to review decisions of the Board is governed by the particular provisions of section 39-51-2410, MCA, which must be followed in seeking review, especially those particulars which are jurisdictional or mandatory. This means that in seeking judicial review by commencing an action, “any other party to the proceeding before the Board shall be made a defendant” is a jurisdictional element. This is consistent with the ordinary perception of jurisdiction not only of this Court, but all courts.
We would not contend, in these days of omnipresent office copy *300 ing machines, the failure to provide the Board with enough copies of the petition to serve all the defendants is essential, but any fair reading of section 49-51-2401(2), MCA, must lead to the conclusion that making “any other party” a defendant to the action before the Board is a mandatory elemental step to secure the right of review.
As we have noted, one of the elements of jurisdiction is the power to make binding orders over proper parties present and subject to the court. Here, the unemployment compensation benefits claimants, the employees, were not before the District Court. The appellants could have compelled their submission to the power of the District Court, on review, by naming them as respondents under section 39-51-2410, MCA, but did not do so. The claimants have not consented to the jurisdiction of the District Court. Therefore, the District Court further lacked jurisdiction of the claimants, the very persons the adjudication was bound to affect.
The appellants next contend that the intervenor union lacked standing to raise the jurisdiction defense. They contend that the intervenor must accept all prior court orders at the time of intervention, which in this case, included the stipulation between the appellants and the Division providing that issuance and service of process upon the Division had been made pursuant to the judicial review statute. Appellants also contend that the intervention by the union constituted a general appearance which cured any jurisdiction defect in their failing to name the claimants as party defendants to the action for review.
As the first caption of the petitions for review disclose, the appellants did not make the intervenor or the claimants parties to the actions; nor in fact did the appellants make the Division a party to the action The answers to the appellants’ contentions regarding the union’s standing to raise the jurisdiction issue lie to some extent in our foregoing discussion of the elements of jurisdiction. At the time that the order for intervention was granted, the District Court was without jurisdiction because the procedural steps necessary to vest the District Court with jurisdiction to review had not been followed. A party contesting jurisdiction may do so under our rules *301 without filing a special appearance. With regard to in personam jurisdiction, we stated in Knoepke v. Southwestern Ry. Co. (1980), 190 Mont. 238, 620 P.2d 1185, 37 St.Rep. 1910, the following:
“If a party to a lawsuit plans to appear in court to attack the court’s personal jurisdiction, a special appearance of the party, as opposed to a general appearance, is no longer required. Rule 12, M.R.Civ.P., abolished the distinction between special and general appearances. Following service of process a party can attack the court’s personal jurisdiction simply by raising the jurisdiction issue in an initial repsonse to plaintiff’s claim by motion before answering the claim or in an answer to the claim. If the party’s initial response to the opponent’s claim raises a personal jurisdiction issue, then the party is not subject to the general power of the court solely because of the response. See, 2A Moore’s Federal Practice ¶ 12.12.”
In its initial response to the petition for review, the union, by means of affirmative defenses, raised the jurisdiction issue. It did not waive the right to raise such an issue by moving to intervene in the action, or securing an order permitting intervention. The stipulation entered into between the Division and the appellants, and the court order approving that stipulation, which affected only the Division, was not in any way binding on either the union or the claimants who were not parties to the stipulation. Neither the stipulation nor the court order approving the same cured the jurisdiction defect that the elemental procedures required under section 39-51-2410, MCA, had not been followed.
The third issue raised by appellants is that the District Court abused its discretion by failing to relax the statutory directives necessary to perfect the appeals in this instance.
The appellants did not, by raising this issue admit the propriety of the summary judgments by the District Court, but raised the issue arguendo.
The appellants submit that section 39-51-2410, MCA, grants them the right to an appellate review and that the District Court should have considered the willfulness and the extent of the Rules *302 violation and the possible injustice that might result from the summary judgment order. The appellants further contend that although this Court has not yet considered the relaxation of such judicial review requirements in an administrative setting, this Court has consistently exercised its inherent judicial discretion to relax jurisdiction requirements in appeals from the District Court to the Supreme Court.
In support of the contention on relaxation of rules for appeals the appellants cite State ex rel. Helena Adjustment Company v. District Court of Lewis and Clark County (1932), 92 Mont. 587, 19 P.2d 226; Krause v. Insurance Co. of North America (1925), 73 Mont. 169, 235 P. 406; Lewis v. Lambros (1922), 65 Mont. 366, 211 P. 212; and Stephens v. Conley (1914), 48 Mont. 352, 138 P. 189.
In those cases will be found language that does indicate support for the claim of the appellants. For example, in Stephens v. Conley, supra, this Court stated that a notice of appeal does not serve any higher purpose than a summons, and its entire absence can be waived. In Krause v. Insurance Company of North America, supra, it was held that substantial compliance with appeals statutes is all that is required; moreover, the law favors the right of appeal.
It should be recognized by practitioners in this State, particularly since the adoption of the Montana Rules of Appellate Civil Procedure in 1965, that this Court has strongly stated that a timely filing of a notice of appeal is mandatory to vest this Court with jurisdiction. Rule 4(a), M.R.App.Civ.P. provides:
“(a) Filing the notice of appeal. An appeal shall be taken by filing a notice of appeal in the district court. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the supreme court deems appropiate, which may include dismissal of the appeal.”
In recent years, we have regarded the taking of that step, the timely filing of a notice of appeal, as the sine qua non to our jurisdiction. We have dismissed appeals where the notice of appeal *303 has not been timely filed. See, Snyder v. Gommenginger (1979), 183 Mont. 375, 600 P.2d 171, 36 St.Rep. 1426; Flathead Hay Cubing, Inc. v. Moore (1978), . . .Mont.. . ., 35 St.Rep. 1260; First Nat. Bank of Lewistown v. Fry (1978), 176 Mont. 58, 575 P.2d 1325, 35 St.Rep. 276; Zell v. Zell (1977), 172 Mont. 496, 565 P.2d 311. In Snyder, we quoted from Payne v. Mountain States Tel. and Tel. Company (1963), 142 Mont. 406, 385 P.2d 100, to the following effect:
“In our view, these statutes do not have reference to the notice of appeal which is jurisdictional. In such cases as Creek v. Bozeman Water Works Co., 22 Mont. 327, 56 P. 362, and In Re Malick’s Estate, 124 Mont. 585, 228 P.2d 963, we have held that the appellant is charged with the duty of perfecting his appeal in the manner and within the time provided by law and unless such mandatory statutory provisions are complied with this court acquires no jurisdiction to entertain and determine the appeal. We are of the opinion that the ‘amending provisions’ contained in sections 93-8019 and 93-8021 apply only when this court has acquired jurisdiction. Were it otherwise, our mandatory provisions regarding appellate procedure would be meaningless.”
(Sections 93-8019 and 93-8021, R.C.M. 1947, above referred to, were superseded by the adoption of the Montana Rules of Appellate Civil Procedure in 1965. Those sections related to defects m the record which could be cured by an amendment following the notice of appeal, under the former statutory appellate practice.)
In a recent case involving the perfection of an appeal to the District Court from an administrative agency, Rierson v. State (1980), 188 Mont. 522, 614 P.2d 1020, 37 St.Rep. 627, we had before us an appeal from an administrative agency under the general provision for judicial review from administrative agencies, section 2-4-702, MCA. That statute provides that in seeking review, the party must file a petition in the District Court within 30 days from the service of the final decision of the agency and it further provides that “copies of the petition shall be promptly served upon the agency and all parties of record.” In Rierson, the decision *304 hinged upon whether Rierson had “promptly”- served copies of his petition for review. The decision of the majority of this Court against Rierson was based largely upon his laches in not serving the copy of the petition for review promptly, but inherent in the decision of the court is the sense that compliance with the review provisions necessary to vest jurisdiction in the District Court is mandatory.
The appellants contend that under Rule 61, M.R.Civ.P., the court had the power to disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. Appellants argue that since the union intervened, and was before the District Court, no substantial prejudice resulted to the unnamed parties arising out of the failure to name them as party defendants and so the District Court in the exercise of its discretion could disregard defects in the steps taken by the appellants to seek judicial review. The appellants also contend that the court could have required the joinder of the unnamed parties under Rule 19, M.R.Civ.P., and that the pleadings thereafter could relate back to the commencement of the action under Rule 15(c), M.R.Civ.P.
The appellants cite Professor Moore’s treatise with respect to the reasonableness of the relation-back of corrective amendments under Rule 15. 3 Moore’s Federal Practice, ¶ 15.15.[4.1]. We disagree.
This is a case where we must put aside our personal inclinations respecting our preference for decisions on the merits, in the interest of consistency with respect to previous decisions regarding appellate jurisdiction both from District Courts to this Court, and from administrative agencies to the District Courts. When statutes provide for review from an administrative agency, or from a lower court, and set forth the procedures necessary to obtain such review; including the essential steps with respect to the notice to be given, the time for such notice and the parties to be named or served; the statutory procedure constitutes jurisdiction guides which must be followed to vest authority in the reviewing or appellate tribunal. Indeed, the presence of the requirements in the statutes gives us no *305 other choice, because it is only by virtue of statutes that the appellate adjudicatory power or reviewing power vests in the other tribunal, as we have indicated foregoing in our discussion of jurisdiction.
The District Court in these cases, after examining carefully the defects in the procedure taken for review, as is shown from its memorandum aforementioned, had no discretion to overlook the defects. The court had no jurisdiction to act, and no discretion to waive the jurisdiction defects.
My final observation is that the Division may be surprised to find itself still in the case on remand to the District Court. On September 29, 1980, it had filed its written notice with this Court that it was not taking a position on the jurisdiction dispute between the appellants and the intervenor union, and that it would continue in such position and not submit a brief on the jurisdiction question presented here.
I would affirm the dismissal by the District Court of the petitions for review.
MR. CHIEF JUSTICE HASWELL and JUSTICE DALY concur in the foregoing concurring and dissenting opinion.